## STEVENS *v.* STATE.

### Opinion delivered May 3, 1920.

1. SEDUCTION—SUFFICIENCY OF EVIDENCE.—In a prosecution for seduction, evidence *held* sufficient to justify the inference that the consent of the prosecuting witness was induced by a promise of marriage.

2. SEDUCTION—CORROBORATION.—The corroboration of the female in seduction cases may be by admissions and declarations of the accused, and by circumstances, such as exclusive attention, social preference, frequent visits, opportunity, subsequent pregnancy, birth of a child, flight, etc.

3. SEDUCTION—CORROBORATION OF FEMALE.—In a prosecution for seduction, evidence of prosecutrix as to marriage promise and carnal act *held* sufficiently corroborated.

4. CRIMINAL LAW—EVIDENCE RECEIVED WITHOUT OBJECTION—DISCRETION OF COURT.—Where testimony was received without objection, it is within the discretion of the court to refuse a subsequent motion to exclude it.

5. CRIMINAL LAW — STATEMENT OF COURT — OBJECTION.—Where a statement made by the court was somewhat ambiguous, and not necessarily an opinion, objection that it was an expression of opinion on the facts can not be raised by general objection.

6. CRIMINAL LAW—STATEMENT BY COURT NOT EXPRESSION OF OPINION. —In a seduction case a statement by the court that "the prosecuting witness detailed the facts and circumstances, and plaintiff's counsel will be allowed to corroborate the fact of the engagement by the father," was not an expression of opinion that a promise of marriage had been established.

7. CRIMINAL LAW—EVIDENCE OF FLIGHT.—Evidence that defendant fled the day after he was accused, and was arrested in another State, was admissible in a criminal prosecution as a circumstance in corroboration of evidence tending to establish guilt.

8. CRIMINAL LAW—ARGUMENT OF COUNSEL.—In a seduction case, remarks of the prosecuting attorney indicating a strong belief in the guilt of the defendant and an earnest desire to secure his conviction *held* to be in the nature of opinions and not prejudicial.

Appeal from Sebastian Circuit Court, Greenwood District; *John Brizzolara,* Judge; affirmed.

*Holland & Holland,* for appellant.

1. To constitute seduction two things must occur. (1) There must be a promise of marriage previously made or the existence of a feigned or pretended marriage between the female and the defendant; (2) there must be carnal knowledge obtained solely by reason of the promise of marriage or the feigned marriage. Kirby's Digest, § 2043. The evidence is not sufficient to show this. If the evidence of the complaining witness is true, then appellant was guilty of some other crime for which a different penalty is prescribed. 8 Am. St. Rep. 863; 35 Cyc. 1337 D. The verdict is not supported by the evidence and was the result of prejudice and passion fanned into flame by the prejudicial remarks of the State's attorney. The remarks of the court were also prejudicial. 217 S. W. 266-7.

2. Allenbaugh's testimony was improperly admitted and the court erred in failing to sustain a demurrer to the sufficiency of the evidence. 62 Ark. 536.

*John D. Arbuckle,* Attorney General, and *J. B. Webster,* Assistant, for appellee.

1. Taking the testimony of the prosecuting witness as a whole, it sufficiently shows that appellant had previously promised to marry her and that she submitted to him by reason of her belief in his promise of marriage.

2. There was sufficient corroboration of her testimony. Kirby's Digest, § 2043; 40 Ark. 482; 4 Minn. 225.

3. The remarks of the prosecuting attorney were all within the latitude allowed counsel in arguing before juries. 112 Ark. 452; 23 *Id.* 32; 293 S. W. 89. No abuse of the discretion of the court is shown. *Ib.*

Humphreys, J. Appellant was indicted, tried and convicted, in the Sebastian Circuit Court, Greenwood District, for the crime of seduction, committed in said county and district, on or about July, 1919, by obtaining carnal knowledge of Agnes Allenbaugh, a female eighteen years of age, by reason of a promise of marriage, and his punishment therefor assessed at two years in the State penitentiary. From a judgment of conviction an appeal has been duly prosecuted to this court.

The State's testimony, being the only evidence adduced on the trial, was as follows: Agnes Allenbaugh, the complaining female, testified, in substance, that she was eighteen years of age; that she commenced to go with appellant in February, 1918, and engaged to him in June of the same year; that in July following he proposed sexual intercourse to her, suggesting that they were engaged, which proposal she refused; that thereupon he blew out the light, pushed her over on the bed, and obtained carnal knowledge of her without permission, resistance or outcry on her part; that he repeated the act three or four times during the months of July and August; that he ceased his attentions in October; that during the courtship she received the attentions of, and

had sexual intercourse with, no other man; that she informed no one of the occurrence until a physician examined her and discovered the condition of pregnancy; that a child was subsequently born to her, and appellant was its father.

Stella Allenbaugh, mother of the prosecuting witness, testified, in substance, that appellant was her daughter's constant suitor from February until October, 1919; also that during that period her daughter received the attention of no other man; that her daughter informed her that they became engaged about the middle of July; that she took her daughter to a physician, who discovered her pregnancy.

At the time she testified that her daughter told her of the engagement, no objection was made to the testimony. Several questions were then asked and answered, when witness was asked by the prosecuting attorney: "Q. And he came regularly after your daughter became engaged to him? A. Yes, sir." At this juncture attorney for appellant said: "We object to the testimony that the daughter told her they became engaged." No ruling on the objection was demanded, and none made. Subsequently, during the examination of W. M. Allenbaugh, attorney for appellant moved to strike out the testimony of Mrs. Allenbaugh concerning the communication of the engagement by the daughter. The motion was overruled, and appellant objected and saved his exceptions.

W. M. Allenbaugh, the father of the girl, testified that appellant was a frequent visitor to his home, coming almost every Sunday to see his daughter, but after he discovered her delicate condition and charged appellant with being responsible for it the following conversation concerning the matter occurred between them: "I told him he had ruined my girl, and I wanted to know what he was going to do about it. He hung his head. He said he wanted to do what was right. I told him to marry the girl that day, and he said, 'All right.' I said, 'You and the girl are engaged.' He then expressed a

desire to talk to his uncle, went into the house, and never returned.''

John Butler, constable, testified that he had a warrant for appellant, which he did not serve because he could not find him.

Pink Shaw, deputy sheriff, testified that he procured the arrest of appellant at Porum, Oklahoma; that appellant told him he had a wife and baby.

It is insisted that the court erred in overruling appellant's demurrer to the sufficiency of the testimony to sustain the charge of seduction, first, because the complaining female said she did not consent to the carnal act. She said no to his proposal, but yielded without resistance or outcry in an adjoining room to the one occupied by her father and mother. Any real force exercised on her part, or earnest protest on her part, would have attracted the attention and enlisted the assistance of her father and mother. Assent was inferable from her conduct, and the jury had the right to draw such inference. Second, because appellant did not obtain carnal knowledge of the complaining female solely by reason of a promise of marriage. She never testified to a specific promise of marriage, but said they were engaged, and that in urging the act of sexual intercourse appellant said they were engaged any way. It is true she said on cross-examination that the fact of their engagement had nothing to do with the act, but, on redirect examination, she reaffirmed that at the time of appellant's solicitation he said they were engaged.

It is inferable from her entire evidence that she yielded on account of the promise of marriage. Had appellant been charged with and tried for rape, the jury might have acquitted him on the record that the complaining witness yielded to his entreaties without force on account of their engagement. The jury was justified, therefore, in concluding that the carnal act was induced solely by a promise of marriage.

Third, because the promise of marriage and the carnal act, the two necessary essentials in seduction, were

not corroborated. It is provided by section 2043 of Kirby's Digest that no one shall be convicted of seduction "upon the testimony of the female unless the same be corroborated by other evidence." Both the promise of marriage and sexual intercourse may be corroborated by circumstances as well as by direct proof, as promises of marriage are seldom made and acts of sexual intercourse hardly ever committed in the presence of third parties. The supporting proof in a seduction charge consists of admissions and declarations of the accused, and the circumstances, such as exclusive attention, social preference, frequent visits, opportunity, subsequent pregnancy, birth of a child, flight, etc. *Polk* v. *State,* 40 Ark. 482; *Lasater* v. *State,* 77 Ark. 468.

In the instant case the testimony of the prosecuting witness was corroborated by the testimony of both the father and mother as to the extended courtship, and the testimony of the father as to the conduct of appellant when charged with being responsible for his daughter's condition. The sexual intercourse testified to by the prosecuting witness was corroborated by the fact that she received the attention of appellant, but no other man, for a long period of time, the frequency of his visits, the opportunity, the pregnancy, the birth of a child, the confession of appellant, and his subsequent flight.

It is next insisted that the court erred in admitting the following statements of the father of the prosecuting witness to appellant: "I told him, 'You and the girl are engaged.' You have ruined my daughter.' " These statements appear in the record as a part of the conversation occurring between the father of the prosecuting witness and appellant when the condition of his daughter was discovered, and are linked in such a way to appellant's conduct and what he said on the occasion that they became a part of an inferable silent confession of appellant and for that reason are admissible.

It is also insisted that the court erred in refusing to exclude the testimony of Mrs. Allenbaugh concerning the communication made by the daughter of her engagement

to appellant. No objection having been made to the evidence when adduced, it was clearly within the discretion of the trial court to exclude or not exclude it on motion later in the trial. It can not be said that the refusal to exclude it was an abuse of the court's discretion.

Again, it is contended that the court expressed an opinion to the jury that a promise of marriage had been established by making the following statement: "The prosecuting witness detailed the facts and circumstances, and plaintiff's counsel will be allowed to corroborate the fact of the engagement by the father." This statement was made in the course of the trial after a colloquy between the attorneys as to whether a promise of marriage could be supported by evidence of a confession of the accused to the father. The court manifestly meant to rule that confessions on the part of the accused were admissible in corroboration of the evidence tending to show an engagement, and not to say to the jury that a promise of marriage had been proved. If ambiguity in the language of the statement renders it susceptible of the construction now placed upon it by learned counsel for appellant, it should have been pointed out to the court by specific objection. Accuracy of language and expression can not always be expected in the conduct of a case, and unless an inherent defect appears in the remarks of the court it can not be reached by general objection.

It is again contended that the court erred in permitting the constable to testify that he had a warrant for the arrest of appellant and could not find him; and in admitting the testimony of Pink Shaw, deputy sheriff, that he procured the arrest of appellant in Oklahoma; and of the father and mother that appellant left the next day after being accused. Flight of the accused is admissible as a circumstance in corroboration of evidence tending to establish guilt; and for that purpose was admissible.

Lastly, it is contended that the verdict was the result of prejudice inspired by the inflammatory remarks of the prosecuting attorney. The following excerpts

from the prosecuting attorney's speech are fair samples of the remarks challenged by appellant as being inflammatory in character: "It is before you to render a verdict that will be a matter of pride to this community." "I am going to ask you, as good citizens, to convict this defendant, and to give him a maximum punishment." "She listened to his pleadings. As a result this child is fatherless, with the finger of scorn pointed at it. Will you stand for it?" The remarks evidence a strong belief in the mind of the prosecuting attorney of the guilt of appellant and an earnest, sincere desire on his part to secure his conviction; but they are in the nature of opinions and within the range of legitimate argument, therefore, not prejudicial.

No error appearing, the judgment is affirmed.