HOUSTON *v.* STATE.

4566                                                  223 S. W. 2d 188

Opinion delivered October 3, 1949.

*E. J. Butler* and *O. H. Hargraves,* for appellant.

*Ike Murry,* Attorney General, and *Jeff Duty,* Assistant Attorney General, for appellee.

HOLT, J.   January 9, 1948, appellant, a Negro, using a .32 caliber pistol, shot and killed William Irvine, a Negro boy about 18 years of age. Thereafter, appellant was charged with first degree murder and a trial resulted in his conviction of murder in the second degree, and his punishment fixed at 7 years in the State Penitentiary.

From the judgment is this appeal.

For reversal, appellant contends that there was no substantial evidence to support the verdict. He admitted the killing, but argues that it was done in the necessary defense of his person "or his habitation," and that in any event he could be guilty of no greater crime than manslaughter since there was no evidence of malice, expressed or implied.

The instructions are not questioned.

The only question presented is one of fact and when we consider the evidence in the light most favorable to the State, as we must under our rules, it was substantial and ample to support the jury's verdict.

On the night in question, a party was in progress in appellant's restaurant and "beer joint" in the town of Madison. The victim, William Irvine, and two other boys came to the cafe where they remained for a short time drinking beer. For some undisclosed reason, William Irvine and appellant became engaged in an argument and Irvine and his two companions were ordered by appellant from the cafe. Following their departure, the appellant summoned an officer who came immediately and found the boys in another cafe nearby. The officer placed the boys in his automobile and started to take them to their homes, but upon learning that their truck was parked near the cafe, the officer brought them

back to the vicinity of the cafe and let them out of hi
car. During this time he had searched the deceased and
found that he carried no weapon.

Immediately after the boys left appellant's cafe
appellant armed himself with a .32 caliber pistol which
he placed in his pocket. When the boys left the officer
the appellant was standing just outside the door of his
restaurant. The deceased spoke to him saying, ''Roy,
I will see you.'' Appellant answered: ''You can see me
now, you black s—of—a—b'' and at the same instant
drew his pistol and shot the deceased inflicting a wound
from which he died several days thereafter. At the time
William Irvine was shot he was standing on the edge
of a ditch which separated him from appellant. The
deceased fell forward into this ditch. Irvine made no
threats toward appellant. Immediately following the
shooting, appellant ran from his cafe through a rear
door and escaped to Memphis, Tennessee, where he re-
mained several days before returning to Arkansas.

The killing here was done with a deadly weapon
and the jury was warranted in finding that there was
no justification or excuse, in the circumstances, for the
appellant's act. Therefore, malice will be implied.

In the case of *Townsend* v. *State,* 174 Ark. 1180, 298
S. W. 3, this court said: ''Whether an offense is murder
in the second degree or manslaughter depends upon the
presence or absence of malice which may be expressed or
implied. The law implies malice where there is a killing
with a deadly weapon and no circumstances of mitigation,
justification, or excuse appear at the time of the killing.
Inasmuch as no one can look into the mind of another,
much latitude is allowed in the introduction of testimony
on the question of motive, and the only way to decide
upon the mental condition of the accused at the time of
the killing is to judge it from the attendant circum-
stances.'' See, also, *Bly* v. *State,* 213 Ark. 859, 214 S. W.
2d 77, which reaffirmed the above rule.

We said in *Reynolds* v. *State,* 211 Ark. 383, 200
S. W. 2d 806: ''Whether the death of Ashley resulted
from the unlawful acts of appellant, as charged in the

information, or whether it was justified, as appellant insists, on the ground of self-defense, was clearly a question for the jury to determine."

It appears to be undisputed that appellant fled from the scene of the killing immediately thereafter. In *Herren* v. *State,* 169 Ark. 636, 276 S. W. 365, this court said: "The flight of a person charged with the commission of a crime has some evidentiary value on the question of his probable guilt. Stevens v. State, 143 Ark. 618, 221 S. W. 186." See, also, *Ford* v. *State,* 205 Ark. 706, 170 S. W. 2d 671.

No error eppearing, the judgment is affirmed.