Nathan ELIOTT *v.* STATE of Arkansas

CR 00-309                                    27 S.W.3d 432

Supreme Court of Arkansas
Opinion delivered October 5, 2000

238

*Steven M. Harper,* for appellant.

*Mark Pryor,* Att'y Gen., by: *James R. Gowen, Jr.,* Ass't Att'y Gen., for appellee.

R AY THORNTON, Justice. This appeal comes from Nathan Eliott's second conviction of two counts of rape of his stepdaughter, C.E., who was twelve and thirteen years old at the time of the crimes.[1] While awaiting his trial in this case, appellant escaped from the Van Buren County Jail, remaining at large for approximately one month before his apprehension. As a result of that incident, appellant pleaded guilty to second-degree escape, and a judgment and commitment order reflecting the escape conviction was entered into evidence at trial. A transcript of a taped phone conversation between appellant and the victim was also admitted into evidence. On appeal, appellant argues that the trial court erred in admitting the order and the transcript. We affirm the trial court's rulings.

Ms. Alma Eliott, appellant's former wife, testified that she noticed a change in her daughter's behavior in early 1996. As a result, Ms. Eliott bought a tape recorder and attached it to her home telephone system. In May or June 1996, she retrieved a recorded conversation between C.E. and appellant in which appellant said, "Yes, I want to have sex with you." C.E. and appellant discussed their prior sex acts. Ms. Eliott later confronted her daughter about the recording, and the child initially denied it. Ms. Eliott then turned the tape over to law enforcement officials.

C.E., sixteen years old at the time of trial, testified that appellant raped her in January 1996 when she was twelve and again in April 1996 when she was thirteen. She further testified that appel-

---

[1] Appellant's first conviction was reversed on appeal on the grounds that the prosecutor had impermissibly told the jury during opening arguments that appellant was a convicted felon. *Elliott v. State,* 335 Ark. 387, 984 S.W.2d 362 (1999)(hereinafter *"Elliott I"*). We note that the name is spelled differently in the two cases, but the appellant is the same person. In *Elliott I,* the prosecutor stated during his opening remarks that Elliott "was convicted in Texas of assault and bank robbery. We have a certified copy of his conviction." *Id.* at 390. The issues presented in *Elliott I* are not the subject of the rulings in this case. We also note that the victim's initials are reflected as C.E. instead of C.Q.

lant threatened her, slapped her in the face, and threatened to kill the entire family if she told anyone. She also testified that she had the phone conversation, which her mother recorded, with appellant when he worked in Texas for two weeks on an oil job.

Following the introduction of evidence to establish that appellant raped C.E., the state called Officer James Paget, who testified that appellant escaped from the Van Buren County Jail in June 1997 while awaiting trial in this matter. After his capture, appellant was convicted of second-degree escape and sentenced to seventy-two months for the offense. A certified copy of the judgment and commitment order for appellant's escape was admitted into evidence. Acting *pro se*, appellant objected, asserting that the introduction of the conviction was "just like before on [his] last jury trial, bringing up prior convictions." The prosecutor responded by noting that the conviction of escape reflected a consciousness of guilt of the rape offenses. The trial court overruled the objection and allowed the admissibility of the escape order.

■■■ Appellant first argues that the trial court erred because the escape judgment and commitment order was improperly admitted as character evidence under Ark. R. Evid. 404(b)(2000). Arkansas Rule of Evidence 404(b) states:

> *Other Crimes, Wrongs, or Acts.* Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

*Id.* We have noted that the list of exceptions expressed by 404(b) is not an exclusive list, but rather is exemplary of the purposes for which otherwise inadmissible evidence of other crimes, wrongs, or acts would be admissible. *Thrash v. State*, 291 Ark. 575, 726 S.W.2d 283 (1987); *White v. State*, 290 Ark. 130, 717 S.W.2d 784 (1986). Such evidence must, however, be independently relevant under Rule 404(b), and the probative value of the evidence must outweigh any danger of unfair prejudice in accordance with Rule 403. *Price v. State*, 268 Ark. 535, 597 S.W.2d 598 (1980). Another crime is "independently relevant" if it tends to prove a material point and is not introduced merely to demonstrate that the defendant is a criminal. *See Regalado v. State*, 331 Ark. 326, 961 S.W.2d 739

(1998); *Lindsey v. State*, 319 Ark. 132, 890 S.W.2d 584 (1994); *White, supra*. The admission or rejection of evidence under Rule 404(b) is left to the sound discretion of the trial court and will not be disturbed on appeal absent a manifest abuse of discretion. *Jarrett v. State*, 310 Ark. 358, 833 S.W.2d 779 (1992).

When evidence of a prior crime reflects a consciousness of guilt, it is independently relevant and admissible under Rule 404(b). *Skiver v. State*, 336 Ark. 86, 983 S.W.2d 931 (1999). Arkansas case law is replete with the proposition that the flight of a person charged with the commission of a crime has some evidentiary value on the question of his probable guilt. *See Houston v. State*, 215 Ark. 754, 223 S.W.2d 188 (1949); *Herren v. State*, 169 Ark. 636, 276 S.W. 365 (1925); *Steven v. State*, 143 Ark. 618 S.W.218, 221 S.W. 186 (1920).

Here, appellant's escape conviction was not used to show his character, but to show his consciousness of guilt of the rape offenses. As stated above, the judgment and commitment order from appellant's escape is relevant under 404(b). *Skiver, supra*. The escape conviction was relevant to the question of appellant's guilt. *Houston, supra*. For these reasons, we hold that the trial court did not abuse its discretion in allowing appellant's conviction into evidence.

Appellant also argues that the trial court erred by not giving the jury a cautionary instruction regarding the purpose of the admissibility of the escape conviction. This argument may not be reached because he failed to request a cautionary instruction at trial. When an appellant contends that the failure to give a cautionary instruction at trial constitutes reversible error, the failure to request the instruction precludes reversal based on that claim. *See Regalado, supra*. The *pro se* appellant should be aware before he elects to proceed *pro se* that *pro se* appellants receive no special consideration of their argument and are held to the same standard as a licensed attorney. *Wade v. State*, 288 Ark. 94, 702 S.W.2d 28 (1986).

As his second point on appeal, appellant argues that the trial court erred in allowing the admissibility of the transcript of a taped phone conversation between appellant and the victim. Specifically, appellant argues that the State failed to lay a proper foundation for

the admission of a transcript of a taped phone conversation between appellant and the victim. At trial, the State attempted to play the taped conversation and to publish the transcript to the jury. Appellant only objected to the publication of the transcript by stating that the "transcript hasn't been entered as evidence, yet . . . . Unless they've been entered as evidence, I'm going to object to it." The State moved to introduce the transcript, and the trial court admitted the transcript without objection from appellant.

■ ■ Appellant's argument is not preserved for appellate review. We have stated on numerous occasions that we will not consider an argument raised for the first time on appeal. *Ayers v. State*, 334 Ark. 258, 975 S.W.2d 88 (1998). To preserve an argument for appeal, there must be an objection in the trial court that is sufficient to apprise the court of the particular error alleged. · A party cannot change the grounds for an objection or motion on appeal but is bound by the scope and nature of the arguments made at trial. *Id.*

At trial, appellant objected to the admissibility of the publication of the transcript without apprising the court of his specific objection. He merely stated, "Unless they've been entered as evidence, I'm going to object to it [the publication of the transcript]." When the trial court admitted the transcript, appellant did not object. On appeal, he advances his argument on the basis of Ark. R. Evid. 401 and Ark. R. Evid. 901. Because he has changed the basis of his objection on appeal, we should not consider his argument on this point.

■ We also note that appellant has not demonstrated how he was prejudiced by the admission of the transcript. Evidence that is merely cumulative or repetitious of other evidence admitted without objection cannot be prejudicial. *Bunn v. State*, 320 Ark. 516, 898 S.W.2d 450 (1995). Appellant did not object to the admission of the taped phone conversation. If the content of the tape and the transcript are identical, they are cumulative under *Bunn* and cannot be prejudicial. Accordingly, there are no grounds for reversal.

The transcript of the record in this case has been reviewed in accordance with Ark. Sup. Ct. R. 4-3(h) which requires, in a case in which there is a sentence of life imprisonment or death, that we

review all prejudicial errors in accordance with Ark. Code Ann. § 16-91-113(a) (1987). No such errors have been found.

Affirmed.