Jose Enrique MENDIOLA *v.* STATE of Arkansas

CA CR 04-990                                         214 S.W.3d 271

Court of Appeals of Arkansas
Opinion delivered September 28, 2005

*John Wesley Hall Jr.*, for appellant.

*Mike Beebe*, Arkansas Attorney General, by: *David J. Davies*, Assistant Attorney General, for appellee.

R OBERT J. GLADWIN, Judge. Appellant Jose Enrique Mendiola was convicted by a Pulaski County jury of three counts of aggravated robbery, one count of Class Y felony kidnapping, and two counts of Class B felony kidnapping. He was sentenced to a total of sixty-five years' incarceration in the Arkansas Department of Correction. On appeal, appellant argues that the trial court abused its discretion by allowing testimony concerning an alleged threat he made to an officer during a preliminary hearing. We affirm.

On or about April 5, 2003, Karl McCree, Raymond Smith, and Maurice Freeman went to a liquor store to deliver cocaine to appellant's brother. During the transaction, the men were confronted by appellant and others, and they were forced to hand over money, jewelry, and most of their clothing. They were beaten and then taken by force to Sweet Home, Arkansas, where McCree escaped and Smith and Freeman were later released. Investigator Lett was involved in the investigation of the incident and was called to testify in the matter by the State.

At a pretrial hearing, appellant looked toward Investigator Lett and put his fingers up as if to wipe his mouth. Appellant then made a "finger-gun motion" and put his thumb down in a shooting motion. Later during the same hearing, appellant mouthed the words "you're dead" to Investigator Lett. The trial

court allowed Investigator Lett to testify at appellant's trial as to the alleged threats. On appeal, appellant argues that the trial court erred by allowing the introduction of the evidence because it was not probative to the charges he faced and was highly prejudicial.

■ Trial courts have broad discretion in deciding evidentiary issues, and their decisions are not reversed absent an abuse of discretion. *Shields v. State*, 357 Ark. 283, 166 S.W.3d 28 (2004); *see also Williams v. State*, 338 Ark. 97, 991 S.W.2d 565 (1999) (specifically referring to the admissibility of evidence under Rules 403 and 404(b)). Under Rule 404(b) of the Arkansas Rules of Evidence, evidence of a prior bad act that is independently relevant to the main issue, rather than merely relevant to prove the defendant is a criminal, may be admissible. *Regalado v. State* 331 Ark. 326, 961 S.W.2d 739 (1998). The Arkansas Supreme Court has interpreted "independently relevant to the main issue" as relevant in the sense of tending to prove some material point rather than merely to prove that the defendant is a criminal. *See Johnson v. State*, 333 Ark. 673, 972 S.W.2d 935 (1998). The supreme court has stressed the requirement that there be a very high degree of similarity between the charged crime and the prior uncharged act. *Id.* In other terms, evidence offered under Rule 404(b) must be independently relevant, thus having a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. *Id.*

Appellant maintains that Investigator Lett's testimony was inadmissible pursuant to Rule 404(b), which states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

We will not reverse a trial court's ruling regarding the admission of evidence under Rule 404(b) absent an abuse of discretion. *Gaines v. State*, 340 Ark. 99, 8 S.W.3d 547 (2000); *see also Smith v. State*, 90 Ark. App. 261, 205 S.W.3d 173 (2005). Appellant argues that it was an abuse of discretion for the trial court to admit evidence that he made nonverbal threats to Investigator Lett at the pretrial hearing because the prior incident lacked the required degree of similarity to the alleged conduct that led to the offenses with which he was charged,

specifically, robbery and kidnapping. The charges against appellant stemmed from events that supposedly occurred months before the alleged threats took place. Appellant maintains that the introduction of Investigator Lett's testimony was not independently relevant to establish any of the allowed exceptions under Rule 404(b). Appellant asserts that nothing about the testimony in question tends to prove some material point, *i.e.*, the elements of one of the offenses charged, but instead is in an attempt to show that he is a "criminal."

Additionally, appellant notes that the trial court never gave a cautionary instruction as discussed in *Regalado, supra*. He maintains that even if the testimony was admissible under Rule 404(b), the jury was never apprised as to how it should be considered and that he should have received the benefit of such an explanation and instruction. We disagree. The supreme court did not hold that a limiting instruction was required in *Regalado*, rather that the failure to give such an instruction was not error in the absence of a request for one. Appellant has presented us with no evidence that he requested such an instruction, accordingly, he cannot argue that it was error for the trial court to permit the testimony without giving one.

The State argues that the testimony regarding appellant's nonverbal threats was relevant and probative to prove his consciousness of guilt with respect to the charges of aggravated robbery and kidnapping. They were not offered simply to show that he was a criminal, but rather to show his attempt to silence a key witness from testifying at trial. Efforts to conceal evidence demonstrate a consciousness of guilt and are therefore admissible. *Coggin v. State*, 356 Ark. 424, 156 S.W.3d 712 (2004); *see also Eliott v. State*, 342 Ark. 237, 27 S.W.3d 432 (2000) (holding that when evidence of a past crime reflects a consciousness of guilt, it is independently relevant and admissible under Rule 404(b)). The Eighth Circuit Court of Appeals has specifically held that evidence of death threats against witnesses or other parties cooperating with the government is generally admissible against a defendant to show consciousness of guilt with respect to the crimes charged. *United States v. Griffith*, 301 F.3d 880 (8th Cir. 2002).

Appellant also argues that even if Investigator Lett's testimony did qualify as an exception under Rule 404(b), it should have been excluded under Rule 403 of the Arkansas Rules of Evidence because its probative value was outweighed by the risk of unfair prejudice. *See Smith, supra*. He maintains that the testimony was highly prejudicial and that it outweighed any probative value

it may have had. He asserts that he was further prejudiced by the fact that the trial court failed to give a cautionary instruction.

Rule 403 states that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The State maintains that the probative value of the evidence was not substantially outweighed by unfair prejudice. The testimony was evidence of appellant's consciousness of guilt, and it was also critical from the standpoint of undermining his defense that he was an honest businessman who only "roughed up" the victims in order to protect his family and keep them from selling drugs to his handicapped brother.

Additionally, appellant fails to demonstrate how he was prejudiced by the admission of the testimony. When the evidence of his convictions is considered in the absence of Investigator Lett's testimony about the threats made at the pretrial hearing, there is still abundant evidence that he committed aggravated robbery and kidnapping. All three victims, McCree, Smith, and Freeman, testified that they were robbed at gunpoint and kidnapped at the direction of appellant. Investigator Lett corroborated McCree's testimony as to specific evidence associated with the offense that he discovered at the scene. Additional law enforcement officials further corroborated the victims' testimony, as did Ronald Bee, the rural resident who discovered McCree on his doorstep after he had escaped from appellant. Where evidence of guilt is overwhelming and the error slight, we can declare the error harmless and affirm. *Walker v. State*, 91 Ark. App. 300, 210 S.W.3d 157 (2005).

Affirmed.

PITTMAN, C. J., and GLOVER, J., agree.