2009 Ark. 134

**Alvin Travis McCULLOUGH**

v.

**STATE of Arkansas.**

**No. CR 08–590.**

Supreme Court of Arkansas.

March 12, 2009.

Ogles Law Firm, P.A., by John Ogles, Jacksonville, for appellant.

Dustin McDaniel, Att'y Gen., by Valerie Glover Fortner, Ass't Att'y Gen., for appellee.

ROBERT L. BROWN, Justice.

Appellant Alvin Travis McCullough appeals from his judgment of conviction for rape, kidnapping, and residential burglary and his sentence to life imprisonment without parole. McCullough asserts one point on appeal: whether the circuit judge erred by allowing the admission of evidence of McCullough's prior bad acts under Arkansas Rules of Evidence 404(b) and 403. We affirm.

Testimony at trial revealed that on the morning of October 29, 2006, McCullough unlawfully entered the home of a Springdale woman, A.B., and raped her. The victim testified that on the night of the incident, she and a friend had been at a Fayetteville bar until 2:00 in the morning. After leaving the bar, A.B.'s friend drove her home. The two friends had a brief conversation in the driveway, after which A.B. entered her home and prepared for bed. A short time after entering her house, A.B. heard her doorbell ring. Expecting that it was her friend who had recently dropped her off, she opened the door. At this point, McCullough forced his way into her home and raped her. McCullough was subsequently arrested and charged with rape, kidnapping, and residential burglary.

Before trial, McCullough moved in limine to prevent the State from introducing evidence that he had recently been convicted of two counts of residential burglary and one count of attempted residential burglary and evidence that he had attempted to escape from the county detention facility within days of his arrest for the charges involving A.B. McCullough urged that the evidence was not probative of any of the purposes allowed by Rule 404(b), and even if it were, such probative value was heavily outweighed by its prejudicial effect under Rule 403. The State responded that the evidence of McCullough's prior convictions was relevant to show his plan and motive to attack the present victim, A.B. The State also argued that evidence of McCullough's escape was admissible as evidence of his consciousness of guilt. The circuit judge granted McCullough's motion in limine with respect to his prior conviction for attempted residential burglary but allowed the State to present witness testimony at trial concerning his two previous convictions for residential burglary and his escape attempt.

At the trial, which was held on February 6, 2008, McCullough renewed his motion to exclude the evidence, which the circuit judge denied. McCullough then asked for and received a Rule 404(b) admonishment to the jury before the prosecutor was allowed to present the State's case. The circuit judge gave the jury the following instruction:

> Members of the jury, you are instructed that evidence of other alleged crimes, wrongs, or acts of Alvin McCullough, may not be considered by you to prove the character of Alvin McCullough in

order to show that he acted in conformity therewith. The evidence is not to be considered to establish a particular trait of character, that he may have, nor is it to be considered to show that he acted similarly or accordingly on the day of this alleged incident. This evidence is merely offered as evidence of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Whether any other alleged crimes, wrongs or acts have been committed is for you to determine. After the instruction was given, McCullough renewed his objection to the admission of the evidence, and the prosecutor proceeded to present the testimony of K.M.

K.M. testified that on December 10, 2006, she was walking home from a bar on Dickson Street at 2:00 in the morning, when a man pulled up beside her in a car and asked if she wanted a ride home. K.M. declined, and the man drove away. Upon arriving at her apartment complex, K.M. briefly conversed with some neighbors who were outside and who asked if she wanted to come over to their apartment. She declined and went to her apartment. K.M. testified that minutes later she heard a knock on her front door, and thinking it was her neighbors, opened the door. A man wearing a camouflage mask burst through the doorway and grabbed her. She screamed and fought back, at which point her attacker ran away. K.M. testified that despite the mask, she recognized her attacker as the man who had offered her a ride home. She identified McCullough as that man.

The prosecutor then called D.H. as a witness. McCullough restated his objection, and the circuit judge repeated the same admonishment to the jury. D.H. testified that on December 14, 2006, at about 10:00 that night, she was in her apartment in Fayetteville baking for her husband's Christmas party the next day, when she heard someone on the stairs outside her apartment. Thinking that it was someone visiting her neighbor, D.H. stated that she did not become alarmed until she heard her doorknob turning. She testified that she watched as her door opened and a man stepped inside holding a knife. D.H. called for her husband, who was able to rush the intruder from behind. McCullough fled the scene and was later arrested. D.H. identified McCullough as the intruder and testified that she believed he came into her apartment because he thought she was alone.

In addition to these two witnesses, Melissa Myhand, a forensic DNA examiner with the State Crime Lab, testified that the DNA taken from A.B.'s clothes matched McCullough's DNA with scientific certainty.

The prosecutor also presented the testimony of Fayetteville Police Officer Phillip Crosby and Washington County Detention Center Guard Brandon Whitehouse, concerning McCullough's attempted escape from the Washington County Detention Center on July 17, 2007. Prior to this testimony, McCullough renewed his objections, which the circuit judge again denied with the same admonishment to the jury.

McCullough was convicted of the three offenses for which he was charged and sentenced as previously set out in this opinion.

On appeal, McCullough asserts that the circuit judge erred by admitting testimony concerning his two prior residential burglary convictions and his attempted escape from the Washington County Detention Center. He claims that the testimony should have been excluded under Rule 404(b) because it was not independently relevant and because his prior residential burglaries were not sufficiently similar to

the facts of the instant case to show a common plan or motive. McCullough also challenges the admissibility of the evidence under Rule 403 and argues that its prejudicial effect outweighed its probative value.

Arkansas Rule of Evidence 404(b) reads:

> *Other Crimes, Wrongs, or Acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Ark. R. Evid. 404(b)(2008).

McCullough is correct that the test for admissibility under Rule 404(b) is whether the evidence is independently relevant, which means that it has the tendency to make the existence of any fact or consequence to the determination of the action more or less probable than it would be without the evidence. *Williams v. State*, 343 Ark. 591, 36 S.W.3d 324 (2001). Any circumstance that links the defendant to the crime or raises a possible motive for the crime is independently relevant and admissible as evidence under Rule 404(b). *Jackson v. State*, 359 Ark. 297, 197 S.W.3d 468 (2004). The degree of similarity between the circumstances of prior crimes and the particular crime at hand required for the admission of evidence under Rule 404(b) is a determination that affords considerable leeway to the circuit judge and may vary with the purpose for which the evidence is admitted. *Sasser v. State*, 321 Ark. 438, 447, 902 S.W.2d 773, 778 (1995) (citing 1 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 112, n. 4 and accompanying text (2d ed.1994)). In reviewing the admission of evidence under Rule 404(b), this court has noted that circuit judges have broad discretion in deciding evidentiary issues, and their decisions are not reversed absent an abuse of discretion. *Burmingham v. State*, 342 Ark. 95, 27 S.W.3d 351 (2000).

We first address the circuit judge's decision to admit the testimony of K.M. and D.H. concerning McCullough's burglary convictions. McCullough was accused of breaking into a woman's apartment and raping her. At trial, McCullough's counsel argued that McCullough's encounter with the victim was consensual and that she had voluntarily allowed him into her apartment. Because of this, the testimony showing that he unlawfully entered the apartments of two other women in similar circumstances within two months of the instant crime was independently relevant to rebut his claim that his encounter with the victim was consensual. *See Davis v. State*, 362 Ark. 34, 207 S.W.3d 474 (2005) (evidence of prior similar incident admissible under Rule 404(b) in trial for attempted rape because independently relevant to rebut defendant's claims that his encounter with the victim was consensual). Moreover, the incidents were sufficiently similar to the crime before us. Accordingly, we cannot say that the circuit judge abused his discretion by admitting the testimony of K.M. and D.H. under Rule 404(b).

Nor can we say that the circuit judge erred in admitting the testimony under Rule 403. This court reviews a circuit judge's ruling under Rule 403 for an abuse of discretion. *Flanery v. State*, 362 Ark. 311, 208 S.W.3d 187 (2005). This court has observed that evidence offered by the State in a criminal trial is likely to be prejudicial to the defendant to some degree, otherwise it would not be offered. *Beed v. State*, 271 Ark. 526, 609 S.W.2d 898 (1980). Nevertheless, the evidence should

not be excluded under Rule 403 unless the defendant can show that the evidence lacks probative value in view of the risk of unfair prejudice. *Id.* Here, the evidence of McCullough's burglaries was probative to rebut his counsel's claim that his encounter with the victim was consensual. Considering the broad discretion of the circuit judge in weighing the probative value of challenged evidence against its prejudicial effect, we hold that the circuit judge did not abuse his discretion in allowing the testimony under Rule 403.

The next issue concerns the circuit judge's decision to admit the testimony of Fayetteville Police Officer Crosby and Washington County Detention Center Guard Whitehouse concerning McCullough's attempted escape from the Washington County Detention Center on July 17, 2007. McCullough contends that the circuit judge abused his discretion by allowing this testimony because the escape attempt bore no similarity to the charges for which he stood trial and because the State introduced the evidence "to show he must be guilty if he tried to escape twelve days after his arrest." This court has said, however, that when evidence of a prior crime reflects a consciousness of guilt, it is independently relevant and admissible under Rule 404(b). *Eliott v. State,* 342 Ark. 237, 27 S.W.3d 432 (2000). This court has further long recognized the proposition that the flight of a person charged with commission of a crime has some evidentiary value on the question of his probable guilt. *Id.* (citing *Houston v. State,* 215 Ark. 754, 223 S.W.2d 188 (1949); *Herren v. State,* 169 Ark. 636, 276 S.W. 365 (1925); *Stevens v. State,* 143 Ark. 618, 221 S.W. 186 (1920)).

Although evidence of McCullough's escape attempt is admissible under Rule 404(b) to show consciousness of guilt, its probative value must outweigh the danger of unfair prejudice in accordance with Rule 403. At the time of his escape attempt, McCullough was in custody awaiting transport to the Department of Correction after receiving a forty-seven-year term of imprisonment on his two previous burglary convictions. With the three charges associated with A.B., he was now facing a potential sentence of life without parole. We cannot say under these circumstances that his attempted escape does not show consciousness of guilt with respect to the charges at hand.

The record in this case has been reviewed in accordance with Arkansas Supreme Court Rule 4–3(h), and no reversible error has been found.

Affirmed.