
# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-16-1154

| | |
|---|---|
| | Opinion Delivered:  October 18, 2017 |
| TONY L. JEFFERSON, JR.<br>APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-15-134] |
| V. | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED; REMANDED TO CORRECT THE SENTENCING ORDER |

## KENNETH S. HIXSON, Judge

Appellant Tony L. Jefferson, Jr. was convicted by a jury of possession of methamphetamine with purpose to deliver, possession of cocaine with purpose to deliver, possession of clonazepam with purpose to deliver, and driving while intoxicated. For these convictions, Mr. Jefferson was sentenced as a habitual offender to a total of forty-eight years in prison. Mr. Jefferson now appeals from his convictions, and his sole argument for reversal is that the trial court erred in allowing the State to present testimony regarding his flight from the police as evidence of his guilt. We affirm.

The point raised by Mr. Jefferson involves an evidentiary ruling of the trial court. Our standard of review for evidentiary rulings is that a trial court has broad discretion, and we will not reverse an evidentiary ruling absent an abuse of discretion. *Hopkins v. State*, 2017 Ark. App. 273, 522 S.W.3d 142. Abuse of discretion is a high threshold that does not

simply require error in the trial court's decision but requires that the trial court act improvidently, thoughtlessly, or without due consideration. *Owens v. State*, 2017 Ark. App. 109, 515 S.W.3d 625. In addition, we will not reverse absent a showing of prejudice, as prejudice is not presumed. *Edison v. State*, 2015 Ark. 376, 472 S.W.3d 474.

The testimony at trial showed that on the night of February 27, 2015, the Conway Police Department received a call about a man sleeping in his car at a gas station parking lot. When the police arrived, they found Mr. Jefferson asleep at the wheel in a car with its engine running and parked about a car length from the gas pump. The police turned off the vehicle and were eventually able to awaken Mr. Jefferson. When he awoke, Mr. Jefferson was disoriented and confused.

After Mr. Jefferson was removed from the car, he was unsteady on his feet and was speaking incoherently. It was clear that Mr. Jefferson was too impaired to be in control of a vehicle, and he was placed under arrest for driving while intoxicated. The police searched Mr. Jefferson's person and found a cell phone and $8205 in cash in his pockets. During an inventory search of the car, police found a baggie containing methamphetamine[1] and another cell phone. Mr. Jefferson was then transported to the police station.

While Mr. Jefferson was being booked at the police station, the police found a baggie containing three clonazepam[2] pills hidden in his hat. Mr. Jefferson became unconscious, and out of increasing concern for his safety, the police called an ambulance. Ambulance

---

[1]The methamphetamine weighed 0.3654 grams.

[2]The aggregate weight of the pills was 0.5043 grams.

personnel determined that Mr. Jefferson needed to go to the hospital for further care, and he was transported to the hospital by ambulance.

When Mr. Jefferson arrived at the hospital, it was determined that he would need to be admitted. While Mr. Jefferson was being bathed by nurses, the nurses found a baggie containing cocaine[3] that had been concealed in his buttocks area and turned it over to the police. Due to his physical condition caused by apparent high-dose drug ingestion, Mr. Jefferson was in the intensive-care unit and remained in the hospital for about three days.

Mr. Jefferson left the hospital on his own accord. Meanwhile, a warrant was issued for his arrest at about the same time on March 2, 2015. According to Officer Tom Kennedy, he and other officers immediately began looking for Mr. Jefferson pursuant to the warrant. Officer Kennedy made phone calls to informants, contacted a hotel where Mr. Jefferson was supposed to be working, and conducted surveillance on Mr. Jefferson's apartment. Officer Kennedy located Mr. Jefferson on March 23, 2015.

Over appellant's objection, the State was permitted to question Officer Kennedy about Mr. Jefferson's flight from the police upon being found. Officer Kennedy testified that he saw Mr. Jefferson drive out of his apartment-complex parking lot on March 23, 2015. Officer Kennedy followed Mr. Jefferson in an unmarked car and contacted officers in marked patrol cars to execute the arrest warrant. When officers in a marked patrol car caught up with Mr. Jefferson and turned on the blue lights to initiate a traffic stop, Mr. Jefferson drove away at a high rate of speed. The pursuit led to a location where

---

[3]The cocaine weighed 1.0975 grams.

Mr. Jefferson stopped his car and fled on foot. The police set up a perimeter and began searching for Mr. Jefferson. According to Officer Kennedy, the police located and apprehended Mr. Jefferson a few hours later in a woman's apartment.

In this appeal, Mr. Jefferson argues that his conviction should be reversed because the trial court erroneously allowed testimony about his flight from law enforcement as evidence of his guilt.[4] Mr. Jefferson contends that this testimony violated Arkansas Rule of Evidence 404(b), which provides:

> *Other Crimes, Wrongs, or Acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Mr. Jefferson contends that evidence of his flight was not probative of whether he had committed the charged crimes and was not admissible under any of the Rule 404(b) exceptions. Alternatively, Mr. Jefferson argues, pursuant to Rule 403, that any probative value of the testimony was substantially outweighed by the danger of unfair prejudice or confusion of the issues.

Citing *Stewart v. State*, 338 Ark. 608, 999 S.W.2d 684 (1999), Mr. Jefferson acknowledges that our supreme court has held that flight following the commission of an offense is a factor that may be considered with the other evidence in determining probable guilt. However, Mr. Jefferson contends that his flight in this case was not probative of his

---

[4]In his brief, Mr. Jefferson erroneously cites the substantial–evidence standard of review applicable to challenges to the sufficiency of the evidence. However, because he is challenging the admissibility of evidence, the standard of review is abuse of discretion. *See Hopkins*, *supra*.

guilt because the flight did not occur on the day of the incident arising in the charges, but rather almost a month later. Mr. Jefferson further asserts that, due to his incoherence at the time of his arrest, he was likely not able to recall what had happened that night, and that there was no indication that he knew an arrest warrant had been issued after his release from the hospital. Thus, he argues, he was unaware of the charges against him or that the police were looking for him. Mr. Jefferson claims that, under such circumstances, evidence of his flight from the police should not have been admitted.

Our supreme court has held that when evidence of a prior crime reflects a consciousness of guilt, it is independently relevant and admissible under Rule 404(b). *Eliott v. State*, 342 Ark. 237, 27 S.W.3d 432 (2000). Arkansas law is replete with the proposition that the flight of a person charged with the commission of a crime has some evidentiary value on the question of his probable guilt. *Id.* In *Eliott*, the defendant was charged with rape, and the supreme court held that evidence of his escape from jail while awaiting trial was relevant under Rule 404(b) to show consciousness of his guilt of the rape offenses.

In *Hayes v. State*, 2014 Ark. 104, 431 S.W.3d 882, the supreme court stated that evidence of flight is admissible to show consciousness of guilt, even if the flight was not immediately after the alleged commission of the crime. In *Toombs v. State*, 2015 Ark. App. 71, this court affirmed the trial court's ruling that the appellant's flight from law enforcement four days after he murdered the victim was probative of consciousness of guilt, and therefore constituted relevant evidence.

We hold in the instant case that Mr. Jefferson's flight from the police was probative of consciousness of guilt as to the crimes charged, and that the trial court did not abuse its

discretion in admitting this evidence.  The officers' attempt to apprehend Mr. Jefferson occurred just three weeks after his release from the hospital, and Mr. Jefferson clearly had reason to believe that he was being sought by the police in relation to his recent drug arrest. Even assuming that Mr. Jefferson was unable to recall the specifics of his arrest, within a few days he certainly became aware that he no longer possessed his vehicle, the $8205 he had in his pocket, two cell phones, and the drugs he had concealed in his hat and buttocks.  On these facts, evidence of his efforts to avoid the police was admissible under Rule 404(b).  *See Eliott*, *supra*.

Nor can we say that the trial court erred in admitting the testimony under Rule 403. The supreme court has observed that evidence offered by the State in a criminal trial is likely to be prejudicial to the defendant in some degree, otherwise it would not be offered. *McCullough v. State*, 2009 Ark. 134, 298 S.W.3d 452.  The evidence should not be excluded under Rule 403 unless the defendant can show the evidence lacks probative value in view of the risk of unfair prejudice.  *Id.*  Here, the evidence was probative of Mr. Jefferson's consciousness of guilt, and considering the broad discretion of the trial court in weighing the probative value of the challenged evidence against its prejudicial effect, we hold that the trial court did not abuse its discretion in allowing the testimony under Rule 403.

Finally, we conclude that, even had error occurred in admitting evidence of Mr. Jefferson's flight from the police, the error was harmless in view of the overwhelming proof of guilt.  Even when a trial court errs in admitting evidence, the appellate court will affirm the conviction and deem the error harmless if the evidence of guilt is overwhelming and the error is slight.  *Marmolejo v. State*, 102 Ark. App. 264, 284 S.W.3d 78 (2008).  The

evidence in this case demonstrated that Mr. Jefferson was in possession of three different controlled substances while simultaneously possessing more than $8000 in cash and two cell phones. Because this constituted overwhelming evidence that Mr. Jefferson was in possession of drugs with the purpose to deliver, he has not demonstrated prejudice regarding the allegedly inadmissible testimony regarding his flight.

Finally, we note that there is a clerical error in the sentencing order. Mr. Jefferson was charged as a habitual offender with more than four prior felony convictions, these convictions were introduced at the sentencing hearing, and the jury sentenced Mr. Jefferson as a habitual offender. However, the box that would indicate that Mr. Jefferson was sentenced as a habitual offender is not checked on the judgment. The trial court is free to correct a clerical error to have the judgment speak the truth. *Heard v. State*, 2014 Ark. App. 674. Thus, we affirm Mr. Jefferson's convictions but remand to the trial court with instructions to correct the sentencing order.

Affirmed; remanded to correct the sentencing order.

ABRAMSON and VAUGHT, JJ., agree.

*Dusti Standridge*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Amanda Jegley*, Ass't Att'y Gen., for appellee.

SLIP OPINION