Kevin SKIVER *v.* STATE of Arkansas

CA CR 91-148                                         826 S.W.2d 309

Court of Appeals of Arkansas
Division II
Opinion delivered March 18, 1992
[Rehearing denied April 8, 1992.]

*Christopher O'Hara Carter*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Chief Judge. Kevin Skiver appeals from his conviction at a jury trial of the crime of rape, for which he was sentenced as a habitual offender to a term of twenty years in

the Arkansas Department of Correction. He contends that the evidence is insufficient to support the conviction, that the trial judge erred in not recusing, and that the trial court erred in allowing the complaining witness to testify as to the effect the rape had upon her. We affirm.

On appellate review, this court views the evidence in the light most favorable to the State and will affirm the conviction if it is supported by substantial evidence. Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion or conjecture. *Williams* v. *State*, 304 Ark. 509, 804 S.W.2d 346 (1991). In deciding this issue, we do not weigh that evidence favorable to the State against any conflicting evidence favorable to the accused. *Westbrook* v. *State*, 286 Ark. 192, 692 S.W.2d 123 (1985).

A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person by forcible compulsion. Ark. Code Ann. § 5-14-103(a)(1) (1987). "Forcible compulsion" means physical force or a threat, express or implied, of death or physical injury to or kidnapping of any person. Ark. Code Ann. § 5-14-101(2) (1987). "Physical force" means any bodily impact, restraint, or confinement. *West* v. *State*, 290 Ark. 329, 719 S.W.2d 684 (1986).

The victim testified that appellant asked her to take him home from a friend's house. She testified that he gave her false information as to the route to take to his destination and caused her to drive down a dead-end road. He pulled the keys from the ignition and asked her to engage in sexual intercourse with him. When she refused, he grabbed her by the arms and attempted to pull her pants off. She stated that appellant was pulling large amounts of hair from her head, and that she was hitting and scratching him in an effort to free herself. She stated, "He did not use a weapon on me, only physical force, he pulled hair, and had my arm and squeezed my arm. Then I tried to fight him again and then I gave up and took a breath or two and then I fought again. I fought the whole time."

Appellant does not contend that he did not engage in sexual intercourse with the victim, but argues that there was no proof of forcible compulsion. Our courts have noted that forcible compulsion includes physical force, which is defined as bodily

impact, restraint, or confinement. *West* v. *State, supra.* The victim testified that appellant restrained her and she had fought him throughout the entire period. The credibility of witnesses is for the jury to determine, and it is well established that a rape victim's testimony need not be corroborated and may constitute substantial evidence of the crime. *Jackson* v. *State*, 290 Ark. 375, 520 S.W.2d 282 (1986); *Lackey* v. *State*, 283 Ark. 150, 671 S.W.2d 757 (1984). From our review of the record, we cannot conclude that the jury's finding that appellant engaged in sexual intercourse with the victim by forcible compulsion is not supported by substantial evidence.

After the victim reported the rape, she was taken to the local hospital where attendants prepared a "rape kit." The rape kit consists of physical evidence taken from the victim's body and her clothing, as well as a written "Sexual Assault Medical Form" which includes medical history, examination information, and a statement from the victim describing the assault. The rape kit is prepared by a specific procedure, according to accompanying instructions. When completed, it is sealed and labeled.

■ Appellant argues that introduction of the rape kit was error because it amounted to an investigative report prepared by or for the government and offered by the government, and therefore did not fall under the public record exception to the hearsay rule. *See* Ark. R. Evid. 803(1)(iv). We do not address this argument because it was not preserved for our review. At the time the evidence was admitted, there was some discussion between the court and counsel as to whether the rape kit had been admitted in a previous trial which had resulted in a hung jury and mistrial. After it was determined that it had been admitted at the first trial, defense counsel stated, "I made the same specific objection about the report. The rest of the items in the kit, *I have no problem with*." (Emphasis added.) There was no objection at trial to the admission of the physical evidence contained in the kit, and the propriety of its admission will not be considered for the first time on appeal. The "Sexual Assault Medical Form" (the "report" referred to) was not admitted into evidence, and it need not be discussed.

Shortly after the victim reported the rape, appellant was taken into custody. At that time, he gave a voluntary, taped

statement to the officers. In his statement, he admitted that he had engaged in intercourse with the victim but insisted that it had been with her consent and at her invitation. Appellant made reference to the fact that he had had sexual relations with the victim on a number of occasions, at least one of which had been in her own home. He also stated that other men had been the recipients of her sexual favors and that at one time she "booted" her husband out and moved another man in the marital home with her. He also stated his refusal to take a polygraph test.

In a side-bar conference outside the hearing of the jury, it was mentioned that the tape of appellant's pretrial statement may have been played in the presence of the jury in the prior trial of the case. The court stated:

> One of the things I will note here, you all may have had an agreement, and apparently there was an agreement in the previous case, but as far as the Court's concerned, my understanding of the rules of evidence is that a taped statement made by the defendant, upon objection, will not be admissible evidence. I don't know. It's a hearsay statement, patently hearsay, and I don't know that it falls into any exception of the hearsay rule.

Later in the trial, when the officer was called as a witness, he testified that appellant admitted to him that he had had sexual intercourse with the victim but stated that it had been by her consent. The court sustained the State's objection to appellant's request to play the entire tape for the jury. At that time, appellant admitted that the officer's testimony was not inconsistent with appellant's statement on the tape, but insisted that since part of that conversation had been introduced, he had a right to introduce the entire tape under Ark. R. Evid. 106. The trial court ruled that because of rules prohibiting introduction of evidence of a rape victim's sexual history and a defendant's refusal to take a polygraph test, those portions would be inadmissible. The court stated:

> You have the interview and what the Court will allow you to do is is there a specific part of the interview, that you may ask him if the defendant said this, or the defendant said, that, based on the transcript. But the Court's not going to allow in the rankest of hearsay of matters there [sic] are no

way in the world are admissible under any other circumstances. Now, Mr. Webb, do you wish to make it clear through this witness?

On appeal, appellant does not argue that the recorded statement should have been admitted. Appellant contends that the trial judge, by indicating early in the trial, before any objection by the State, that he would not allow the taped statement to be played to the jury, lost his objectivity in the case and, therefore, had a duty to recuse himself as trial judge.

We find no merit in this contention. First, this issue was not raised in any way at trial. Under our well-settled rule, this court does not consider issues raised for the first time on appeal. *Kitchen v. State*, 271 Ark. 1, 607 S.W.2d 345 (1980). Secondly, while we may agree with appellant that it is improper for a trial judge to needlessly inject himself into the trial, the judge is not merely the chairman of a trial, who must remain mute until a party calls upon him for a ruling; instead he has some responsibility for the proper conduct of the trial and achievement of justice. *See id.*

■■ Although it is a safer practice for a court to defer action on admission of evidence until a proper objection is made by the party interested in having it excluded, the court is not bound to hear and determine the case on improper evidence. In the exercise of its discretion to control and regulate the conduct of the trial, the court may, on its own motion, exclude or strike evidence which is wholly incompetent or inadmissible for any purpose, even though no objection is made to such evidence. 88 C.J.S. *Trials*, § 156 (1955); *see also American Workmen* v. *Ledden*, 196 Ark. 902, 120 S.W.2d 346 (1938). It is the responsibility of the trial judge to maintain an appropriate balance in the performance of his role of impartiality, and a clear transgression of the proper bounds must be demonstrated before an appellate court is justified in reversing a judgment because the trial judge injected himself into the trial. *American Workmen* v. *Ledden, supra; Kitchen* v. *State, supra.* We find no such transgression here.

Rule 106 of the Arkansas Rules of Evidence is directed toward preventing a misleading impression that may be created by taking a statement out of context. The right to put in the remainder of a statement as part of the opponent's case is subject

to the general principles of relevancy. *See* 1 J. Weinstein, *Weinstein's Evidence* § 106[02] (1991). The rule is not designed to make something admissible that should be excluded. *Id.* Here, appellant did not offer the tape of his statement to dispel any misleading impressions created by the officer's testimony. He offered it solely for the purposes of amplifying his case.

During the examination of the victim, she was asked whether the attack had continued to have an effect on her. Over appellant's relevancy objection, the court permitted her to testify that she had had nightmares, that she was fearful of repetition of the violent act, and she was afraid to go out after dark.

■ Appellant contends that this testimony was not relevant to any issue. Relevant evidence means any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Ark. R. Evid. 401. The admission of evidence as relevant under this rule is a matter within the discretion of the trial court and will not be reversed absent abuse. *Jones* v. *State*, 277 Ark. 339, 641 S.W.2d 717 (1982). Appellant testified that they had consensual sex. The victim testified that it was the result of long-continued and violent compulsion. Evidence of her fear and repulsion was at least relevant to that issue. *See Segerstrom* v. *State*, 301 Ark. 314, 783 S.W.2d 847 (1990); *Fountain* v. *State*, 273 Ark. 457, 620 S.W.2d 936 (1981). We cannot conclude that the trial court abused its discretion in this instance.

Appellant further argues that even if the evidence was relevant and admissible, the trial court erred in not holding that its probative value was substantially outweighed by its prejudicial effect. We do not address this argument as no such objection was made in the trial court. *Segerstrom* v. *State, supra.*

Affirmed.

COOPER and MAYFIELD, JJ., agree.