31 S.W.3d 849 (2000)
343 Ark. 59
K.S.
v.
STATE of Arkansas.
No. 00-553.
Supreme Court of Arkansas.
December 7, 2000.
Stephen D. Ralph, Conway, for appellant.
Mark Pryor, Att'y Gen., by: James R. Gowen, Jr., Ass't Att'y Gen., Little Rock, for appellee.
DONALD L. CORBIN, Justice.
Appellant K.S., a minor, appeals the order of the Faulkner County Chancery Court, Juvenile Division, convicting her of a misdemeanor count of shoplifting and imposing a suspended sentence and twelve months' probation. For reversal, Appellant argues that the trial court erred in refusing to dismiss the charge against her because she had been subjected to multiple punishments for the same offense, in violation of the Double Jeopardy Clause. This case was transferred to us from the Arkansas Court of Appeals as involving an issue of first impression; hence, our jurisdiction is pursuant to Ark. Sup.Ct. R. 1-2(b)(1) and (d). We affirm.
The record reflects that on or about August 17, 1999, Appellant was arrested for shoplifting goods valued at approximately $64.98 from a Wal-Mart retail store. Prior to Appellant's juvenile-intake hearing, Wal-Mart contacted Appellant's father and demanded that he pay a $100 civil penalty, as authorized under Ark. Code Ann. § 16-122-102 (Supp.1999). Appellant's father testified at the juvenile-intake hearing that Wal-Mart had threatened to take him to court if the money was not paid, even though the goods stolen by Appellant were returned to the store. On September 27, 2000, Appellant's father sent a $100 money order to Wal-Mart in compliance with its written demand letter.
Appellant's juvenile-intake hearing took place on November 9, 1999. Appellant argued that the civil penalty imposed by *850 Wal-Mart was punitive in nature because the fine went beyond the purpose of making the retailer whole, and instead put them in a better position than if the theft had not occurred. The chancellor found that the statute authorizing the civil penalty was unconstitutional on its face, and she ordered Wal-Mart to return the $100 to Appellant's father. The chancellor then denied Appellant's motion to dismiss, ruling that there was no double-jeopardy violation. This appeal followed.
Appellant's sole argument on appeal is that her conviction and subsequent sentence for shoplifting violated the Double Jeopardy Clause because she had already been subjected to a civil penalty that should be regarded as a "criminal forfeiture." Appellant's argument is without merit. The trial court ruled that section 16-122-102 was unconstitutional, and ordered Wal-Mart to return the $100 paid by Appellant's father. Neither party appeals the trial court's finding that the statute was unconstitutional. As a result, the law of the case is that the statute is unconstitutional, and Appellant may not be subjected to the civil penalty imposed under section 16-122-102. See Van Houten v. Pritchard, 315 Ark. 688, 870 S.W.2d 377 (1994). If, however, future parties properly raise and address the issue of the statute's constitutionality, this court may consider the merits of such an argument.
In light of the fact that Appellant may not be subjected to the civil penalty, her argument on appeal that she faces double jeopardy is moot. A case is moot when any decision rendered by this court will have no practical legal effect on an existing legal controversy. Arkansas State Med. Bd. v. Schoen, 338 Ark. 762, 1 S.W.3d 430 (1999); Biedenharn v. Hogue, 338 Ark. 660, 1 S.W.3d 424 (1999); Quinn v. Webb Wheel Prods., 334 Ark. 573, 976 S.W.2d 386 (1998). This court does not decide cases that are moot, or render advisory opinions, or answer academic questions. See Wilson v. Pulaski Ass'n of Classroom Teachers, 330 Ark. 298, 954 S.W.2d 221 (1997). Accordingly, we reject Appellant's argument.
Affirmed.