COOPER TIRE & RUBBER COMPANY
*v.* Richard ANGELL

CA 01-152                                    58 S.W.3d 396

Court of Appeals of Arkansas
Division II
Opinion delivered October 24, 2001
[Petition for rehearing denied November 28, 2001.]

---

[1] This omission was rectified by Act 1267 of 2001.

*William G. Bullock*, for appellant.

*Carolyn Lee Whitefield*, for appellee.

TERRY CRABTREE, Judge. This appeal arises from an Arkansas Workers' Compensation Commission's opinion in which the Commission made the following findings: 1) that the claim of the appellee, Richard Angell, for additional worker's compensation was not barred by Ark. Code Ann. § 11-9-702(b); 2) that the appellant, Cooper Tire & Rubber Company, willfully and intentionally failed to pay for medical treatment received by appellee, and thus appellant must pay a 36% penalty; and 3) that by failing to comply with the Administrative Law Judge's October 29, 1997, order, appellant was in contempt, however the Commission suspended and held in abeyance a $10,000 fine, contingent on appellant's compliance with the Commission's past and prospective orders. Appellant appeals the decision of the Commission. We find no error and affirm.

This case arose out of an admitted compensable injury to appellee on June 8, 1992. Appellee testified that he was pulled within two rollers of a machine. Appellee reported injuries to his upper extremities, low back, and lower extremities. Appellant paid temporary total disability payments from the date of the injury through May 31, 1993, the date on which appellee's healing period ended. Appellee was assigned a 23% impairment rating to his left lower extremity, which appellant accepted and paid. An issue arose as to whether complaints appellee made in 1995 and 1996 of problems with his right knee and low back were related to the June 8, 1992, injury. The Administrative Law Judge ("ALJ"), by opinion dated October 29, 1997, found that appellee had shown that his physical problems involving his right leg and back were directly and causally related to the compensable injury. The ALJ found Dr. William Bundrick as appellee's primary medical provider. The ALJ found that appellant was responsible for continued reasonably necessary medical treatment and/or referrals provided by Dr. Bundrick. The ALJ found that appellee was not entitled to additional permanent impairment benefits beyond those previously paid, but that the nature and extent of appellee's injury as well as further indemnity benefits required additional development of medical evidence, and was by necessity specifically reserved. The ALJ directed appellant to

pay outstanding medical and related expenses consistent with his findings of fact. Neither party appealed this ruling.

The last medical treatment of appellee that appellant paid for was treatment provided by Dr. Bundrick on February 10, 1998. In October 1999, appellant filed for additional worker's compensation benefits. In an opinion filed on May 19, 2000, the ALJ found in favor of appellee, and specifically found no statute of limitations violation, imposed a 36% penalty on appellant, and imposed a $10,000 fine for contempt on appellant. The Commission affirmed the ALJ's decision, but modified the findings with respect to the fine, holding the fine in abeyance contingent on appellant complying with the Commission's orders. It is from this order that appellant brings this appeal.

■ ■ When reviewing a decision of the Arkansas Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. *Clark v. Peabody Testing Serv.*, 265 Ark. 489, 579 S.W.2d 360 (1979). Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. *Crossett Sch. Dist. v. Fulton*, 65 Ark. App. 63, 984 S.W.2d 833 (1999). The issue is not whether this court might have reached a different result from the Commission. *Malone v. Texarkana Pub. Schs.*, 333 Ark. 343, 969 S.W.2d 644 (1998). If reasonable minds could reach the result found by the Commission, we must affirm the decision. *Bradley v. Alumax*, 50 Ark. App. 13, 899 S.W.2d 850 (1995). In making our review, we recognize that it is the function of the Commission to determine credibility of witnesses and the weight to be given their testimony. *Stephens Truck Lines v. Millican*, 58 Ark. App. 275, 950 S.W.2d 472 (1997).

■ Appellant's first point on appeal is that the Commission erred in not finding that the statute of limitations had run on appellee's claim for additional benefits pursuant to Ark. Code Ann. § 11-9-702(b). Section 11-9-702(b) in its pre-Act 796 form states:

> (1) In cases where any compensation, including disability or medical, has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation, or two (2) years from the date of the injury, whichever is greater.

(2) The time limitations of this subsection shall not apply to claims for the replacement of medicine ... permanently or indefinitely required as the result of a compensable injury, where the employer or carrier previously furnished such medical supplies, but replacement of such items shall not toll the running of the statute of limitations.

■ Appellant argues that the statute of limitations has run as the last medical bill it paid was for treatment on February 10, 1998, and appellee did not file his claim for additional benefits until October 1999. We hold that the statute of limitations was tolled as a result of appellant's refusal to provide treatment by Dr. Cavanaugh after appellee was referred to him, and treatments by Dr. Mitchell Young from May 5, 1999, though December 25, 1999. The ALJ's opinion of October 29, 1997, stated that appellant was responsible for continued reasonably necessary medical and related treatment, and that Dr. Bundrick was appellee's primary medical provider. Appellee testified that he attempted, unsuccessfully, to arrange treatment with Dr. Bundrick shortly after the ALJ rendered his October 29, 1997 opinion. Appellee's unsuccessful attempt to arrange treatment with Dr. Bundrick was a result of the appellant not notifying Dr. Bundrick's office that it would pay for an evaluation and reasonably necessary treatment for appellee's injuries. Eventually, on February 10, 1998, Dr. Bundrick treated appellee, and referred appellee to Dr. Cavanaugh for low back pain. Appellant never provided the treatment by Dr. Cavanaugh. Dr. Cavanaugh would not see appellee until appellant approved the visit, and appellant never approved the visit. Further, Dr. Bundrick told appellee that if all he needed was a cortisone injection in his right knee, and if he had a physician who could give the injection in Texarkana, it would save him a trip to Shreveport. In following Dr. Bundrick's advice, appellee saw Dr. Mitchell Young on several occasions. Dr. Young gave appellee injections into his right knee on May 25, 1998, and next on June 9, 1999. Appellant argues that since injections to the knee were the only thing covered by the "so-called referral" that the period has run. However, since appellant would not approve the visit to Dr. Cavanaugh regarding his back, and since Dr. Bundrick did not treat the back, it was necessary for appellee to see Dr. Young regarding his back pain. Appellee was treated for his back pain by Dr. Young on 9/23/98, 1/13/99, 4/20/99, and 5/25/99. Based on this we hold that appellee's claim for additional benefits is not barred by Ark. Code Ann. § 11-9-702(b).

Second, appellant argues that the Commission erred in finding that it willfully and intentionally failed to pay for the incurred

medical treatment received by appellee under the care of Dr. Bundrick subsequent to the medical service of February 10, 1998, and ordering it to pay a 36% penalty. Arkansas Code Annotated § 11-9-802 (Repl. 1996) states in relevant part:

> (d) Medical bills are payable within thirty (30) days after receipt by the respondent unless disputed as to compensability or amount.

> (e) In the event the commission finds the failure to pay any benefit is willful and intentional, the penalty shall be up to thirty-six percent (36%) payable to the claimant.

■ The ALJ found that a bill for reasonable and necessary medical treatment provided by Dr. Bundrick on December 6, 1999, had not been paid. Further the ALJ found that appellant had not paid for prescription medication provided by Dr. Bundrick. We hold that there is substantial evidence to support the Commission's imposition of a 36% penalty upon appellant.

■ Last, appellant argues that the $10,000 fine imposed is excessive and violates the Due Process Clause of the Arkansas Constitution as well as the United States Constitution Amendment 14, § 1, specifically that the fine violates the prohibition against the deprivation of property without due process, and equal protection. We do not reach the merits of appellant's argument as the Commission suspended and held in abeyance the fine, conditioned on appellant's future compliance with its past and prospective orders. A suspension of a punishment for contempt is in effect a complete remission. *Warren v. Robinson*, 288 Ark. 249, 704 S.W.2d 614 (1986). This renders the issue moot. *See Johnson v. Johnson*, 243 Ark. 656, 421 S.W.2d 605 (1967). We do not decide cases that are moot, or render advisory opinions, or answer academic questions. *See K.S. v. State*, 343 Ark. 59, 31 S.W.3d 849 (2000). Accordingly, we reject appellant's argument.

Affirmed.

JENNINGS and BAKER, JJ., agree.