# Detina EATON *v.* STATE of Arkansas

CA CR 03-856 151 S.W.3d 15

Court of Appeals of Arkansas
Division I
Opinion delivered March 3, 2004

*Gary W. Potts*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge. Appellant Detina Eaton was convicted by a jury of rape for performing an act of oral sex upon a nine-year-old boy and was sentenced to ten years' imprisonment. On appeal, Eaton argues that, because her purpose in performing the act was to obtain drugs, the trial court erred in denying her motions for directed verdict where there was insufficient evidence presented by the State on the element of sexual gratification. We affirm.

At trial, the victim's mother testified that her son, K.H., was visiting in the home of Audrey Williams on July 29, 2002, when he was nine years old. K.H. testified that a number of people were present at Williams's house that day, including Maurice Green. At one point, Green told K.H. to go to Green's bedroom. Green pushed K.H. into the bedroom and onto the bed. Green held K.H.'s hands and pulled down his pants. K.H. testified that Eaton then began to perform oral sex on him, which continued for approximately five minutes, until another male, Todd Monroe, came into the room and told Eaton to stop. According to K.H., Eaton then "started doing the same thing" to Anthony Adams, who was also present in the bedroom. K.H. testified that Green was in the hallway talking to another male while Eaton was performing oral sex on him and that after she finished, Green gave Eaton a plastic bag containing marijuana. K.H. stated that Green had told Eaton that if she did not perform oral sex on K.H., then he was not going to give her the marijuana, and that Green made her do it for the drugs.

On appeal, Eaton challenges the sufficiency of the evidence supporting her conviction for rape and argues that the State failed to prove the element of sexual gratification. When reviewing a challenge to the sufficiency of the evidence, the appellate court will affirm the conviction if there is substantial evidence to support it, when viewed in the light most favorable to the State. *Rabb v. State*, 72 Ark. App. 396, 39 S.W.3d 11 (2001). Substantial evidence, whether direct or circumstantial, is evidence

that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or another without resort to speculation or conjecture. *Id.*

According to Ark. Code Ann. § 5-14-103(a)(1)(C)(i) (Supp. 2003), a person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. "Deviate sexual activity" is defined "as any act of sexual gratification involving: the penetration, however slight, of the anus or mouth of one person by the penis of another person; or the penetration, however slight, of the labia majora or anus of one person by any body member or foreign instrument manipulated by another person[.]" Ark. Code Ann. § 5-14-101(1) (Supp. 2003). The testimony of a rape victim alone may constitute substantial evidence to support a conviction for rape. *Rains v. State*, 329 Ark. 607, 953 S.W.2d 48 (1997).

Eaton contends, as she did in her motions for directed verdict, that "sexual gratification" is a required element of rape under the definition of deviate sexual activity and that the State failed to prove this element. She contends that the sexual gratification referred to in the statute is that of the defendant, not the victim or another bystander. She asserts that the evidence in this case showed that she performed oral sex on K.H. for the purpose of obtaining drugs and not for the purpose of sexual gratification. Thus, she argues that the act was one of prostitution and that there was insufficient evidence to support her conviction for rape.

The issue of sexual gratification has been addressed many times by our supreme court. In *Williams v. State*, 298 Ark. 317, 766 S.W.2d 931 (1989), the court found sufficient evidence of sexual gratification where the defendant inserted his fingers into the victim's vagina. Although the defendant argued that there was no evidence that he did so for sexual gratification, the court stated that "it may be assumed that the desire for sexual gratification was the plausible reason rather than out of revenge or out of anger as the petitioner suggests." *Id.* at 321, 766 S.W.2d at 934. "The plain fact is that when persons, other than physicians or other persons for legitimate medical reasons, insert something in another person's vagina or anus, it is not necessary that the State provide direct proof that the act was done for sexual gratification." *Id.; see also* Original Commentary to Ark. Code Ann. § 5-14-101 (Repl. 1995) (stating that a physician or other person does not commit a deviate act by introducing a finger or other instrument into the

specified orifices while examining or treating the person because the act is not motivated by the desire for sexual gratification).

In *McGalliard v. State*, 306 Ark. 181, 813 S.W.2d 768 (1991), the court held that it may be assumed that the defendant touched the nine-year-old victim between the legs for sexual gratification and that it was not necessary that the State prove that he was so motivated. Using definitions from *Webster's Third International Dictionary*, unabridged (1961), the court defined "sexual gratification" as, essentially, something that pleases the sexual organs or gratifies the libido. *Id.* at 182-83, 813 S.W.2d at 769. The court stated that, when construed in accordance with their reasonable and commonly accepted meaning, and in context with the specific acts described in section 5-14-101, "the words leave no doubt as to what behavior is prohibited under the statute." *Id.*

In addition, in *Farmer v. State*, 341 Ark. 220, 15 S.W.3d 674 (2000), the court, noting that it had previously held that the phrase "sexual gratification" is to be construed in accordance with its reasonable and commonly accepted meaning, reiterated that it is not necessary for the State to provide direct proof in a rape prosecution based on deviate sexual activity that an act was done for sexual gratification if it can be assumed that the desire for sexual gratification is a plausible reason for the act. Thus, despite the victim's testimony that she did not think the attack was sexual in nature or that the defendant's intent was to sexually gratify himself, the court found sufficient evidence of sexual gratification where the defendant put his hand inside the victim's vagina and squeezed her, stating that "he would fix it so that she could not be with anyone else." *Id.* at 222-24, 15 S.W.3d at 676-77. The court stated that sexual gratification, like intent, is rarely capable of proof by direct evidence and must usually be inferred from the circumstances. *Id.*

Other states with similar statutory language have also addressed this issue. For example, in *Mitchell v. State*, 473 So. 2d 591 (Ct. App. Ala. 1985), where the statute defining sexual intercourse also contains the phrase "any act of sexual gratification," the court held that the term "sexual gratification" is merely a definitional component of the statute and "is not an essential element which must be proved at trial, and even if such gratification was an essential element of the crime, it may be inferred by the jury from

the act itself." *Id.* at 595. The court stated that a close reading of their statute reveals that the legislature intended for the *act itself* to be condemned. *Id.*

 Similarly, under section 5-14-101(1), our definition of deviate sexual activity states "any act of sexual gratification involving. . ." and then goes on to describe the specific acts that are proscribed, including the act at issue in this case, which is Eaton placing the victim's penis in her mouth. As the State contends, this statute does not specify who, if anyone, must be sexually gratified by the act, and a plain reading of the statute suggests that the gratification could be that of.the perpetrator, the victim, or even a bystander who suggested the act or observed it. Thus, even assuming, as Eaton argues, that she did not perform the deviate sexual act for the purpose of her own sexual gratification, the jury could have inferred that her act of oral sex upon K.H. was intended for his gratification. Although Eaton attempts to argue that the act could not have been for K.H.'s sexual gratification because there was no proof that he actually received gratification, there is no such requirement contained in the statute, which only refers to penetration, however slight, of one person's mouth by the penis of another person. Also, the jury could have inferred that her act gratified her own libido and that of other persons who were present given the fact that she began to perform oral sex on Adams when she finished with K.H. Moreover, in this instance, the act itself is an "act of sexual gratification," and Eaton's reason for choosing to perform it is irrelevant.

 Eaton also attempts to distinguish other cases, such as *Farmer, supra,* holding that sexual gratification was assumed to be the plausible reason for the deviate act, on the basis that those cases involved some sort of penetration of the victims by the perpetrator. However, the statute is not limited to penetration of the victim by the perpetrator, but expressly includes the act committed in this case. Also, our supreme court has assumed that sexual gratification was present in other cases that do not involve penetration of the victim. For instance, in *Rains v. State, supra,* the court found that sexual gratification could be presumed where the defendant engaged in various sexual acts, including oral sex, upon his minor son, stepdaughter, and niece. *See also Strickland v. State,* 322 Ark. 312, 909 S.W.2d 318 (1995) (holding that factfinder could properly infer that defendant's act of fondling stepdaughter was for purpose of sexual gratification); *Holloway v. State,* 312 Ark.

306, 849 S.W.2d 473 (1993) (finding substantial evidence that defendant touched children's bottom and breasts for purposes of sexual gratification). Here, the only plausible reason for the act committed by Eaton is sexual gratification. Thus, the jury could have properly inferred that Eaton's act was an "act of sexual gratification" under section 5-14-101(1), and there is substantial evidence to support her conviction for rape.

Affirmed.

HART and CRABTREE, JJ., agree.