David Earl HENDERSON *v.* STATE of Arkansas

CR 04-630                                    201 S.W.3d 401

Supreme Court of Arkansas
Opinion delivered January 20, 2005

*Cristi Beaumont*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.

R OBERT L. BROWN, Justice. Appellant David Earl Henderson appeals from his judgment of conviction for attempted murder in the first degree, aggravated robbery, and residential burglary. He was sentenced to life imprisonment. He asserts two points on appeal: (1) that the circuit court erred in preventing his counsel from responding to the prosecutor's statement during *voir dire* regarding convictions and circumstantial evidence; and (2) that the circuit court erred in allowing evidence of a prior theft by Henderson against the same victim. We affirm the judgment of conviction.

On the evening of July 10, 2003, Kathleen Price was lying in her bed in her apartment in the Sunset Motel in Springdale. At the time, Ms. Price resided at the motel and served as its manager. She collected rent from the occupants and showed empty units to potential renters. While lying in her bed on that particular night, Ms. Price heard a loud noise and got out of her bed. She found a man climbing through her window, after having pushed her air-conditioning unit inside the window onto her floor. The man yelled at her not to scream, but she did, and he began to choke her. After hitting the man with a club that a friend had loaned her for protection, the man grabbed the club and continued choking her with his hands and the club. She passed out. The next thing she recalls is coming to and calling for help. Police officers from the Springdale Police Department arrived at the scene, and after searching her apartment, they discovered that a bag of money containing $250 was missing. In addition, $40 was missing from Ms. Price's purse.

Henderson was charged with attempted first-degree murder, aggravated robbery, and residential burglary. At his ensuing trial, Ms. Price identified Henderson as the man who climbed through her window and attacked her that evening. She also testified that Henderson and his roommate had moved into the motel six months earlier. She added that seven days earlier, she and Henderson had had an incident. She stated that Henderson had come over to her room and complained about another person living at the motel. When Ms. Price and he began to leave her apartment, she had her back to him. She testified that when she looked back, Henderson appeared to be pushing something down into his pants. After returning from trying to talk to the other resident, she discovered that her money bag for that week was missing, and she called the police department. The police officers searched Henderson's room and found the money bag, receipt, and the cards in the bag for that week. After she went to Henderson's apartment to inquire about the missing bag, Ms. Price said that while he did not admit taking the bag, he told her that he would pay her for the missing money.

At the conclusion of the trial, the jury found Henderson guilty of attempted murder in the first degree, aggravated robbery, and residential burglary and sentenced him to life imprisonment.

Henderson first argues that the circuit court erred in limiting his counsel's *voir dire*. He contends that the prosecutor made a statement regarding circumstantial evidence that was misleading to

the *venire* and that it was within his right to respond to the statement. He further asserts that by sustaining the prosecutor's objection to his counsel's response, the circuit court gave credibility to the prosecutor's statement that a majority of cases are proved by circumstantial evidence. He maintains that the circuit court unfairly discounted his counsel's own statement in response, which resulted in prejudice to him.

The relevant colloquy at *voir dire* is this:

> PROSECUTOR: That's circumstantial evidence, facts you know, facts that are introduced, you infer and determine what happened. Does anyone have a problem using circumstantial evidence to convict someone? The large vast majority of cases are proved with circumstantial evidence. Why? Because you limit witnesses, you do, you commit crimes you generally want to limit the witnesses and the evidence. You don't go out and shoot somebody at center court of a Razorback basketball game because more than likely other people are going to see you. The law recognizes that [in] most cases, the vast majority are proven by circumstantial evidence. . . .
>
> . . . .
>
> DEFENSE COUNSEL: Well now, another thing, he stated earlier that the vast majority of cases get convicted with just circumstantial evidence, he said that. Well, you also understand that a vast majority of cases where there's acquittals, the vast majority of those have just circumstantial evidence. Would you be —
>
> PROSECUTOR: Your Honor, I'm going to object.
>
> THE COURT: Yes, that's not a correct statement, counsel, and you need to limit your inquiry to the three legitimate areas in the statute and so let's move this process along.
>
> CONTINUING VOIR DIRE
>
> DEFENSE COUNSEL: Do you understand that a case can have circumstantial evidence and it can still have direct

> evidence but that still does not, that still cannot be enough to find someone guilty beyond a reasonable doubt, would everyone agree with that? . . .

Before addressing the merits, we turn to a preservation point raised by the State. The State claims that while Henderson now asserts that the prosecutor's statement at *voir dire* was misleading, he failed to object to that statement in circuit court. Furthermore, the State argues that defense counsel did not state any grounds in opposition to the circuit court's restriction of his *voir dire*; nor did he object to the impanelment of the jury. For these reasons, the State urges that Henderson waived his right to raise the prejudice point on appeal. In addition, the State contends that any prejudice caused by the prosecutor's statement could have been cured by an admonition, and because Henderson failed to request one, any failure by the circuit court to give an admonition to the jury is not an abuse of discretion.

We agree with the State. Henderson first argues in his brief on appeal that the prosecutor's statement that the "vast majority of cases are proved with circumstantial evidence" was "misleading." Yet, he voiced no objection to that statement to the circuit court. In *Christopher v. State*, 340 Ark. 404, 10 S.W.3d 852 (2000), this court held that where an appellant had not objected to any restriction of his *voir dire* and never objected on the record to the impanelment of his jury, his assertion that the circuit court improperly restricted his *voir dire* was not preserved for appeal. The same holds true in the instant case. By not objecting, Henderson failed to alert the circuit court that he contested that statement. Thus, the circuit court had no opportunity to rule on the matter, and it is not preserved for our review. *See London v. State*, 354 Ark. 313, 125 S.W.3d 813 (2003).

Henderson, secondly, contends that the circuit court abused its discretion in sustaining the prosecutor's objection to his statement to the *venire* that when there are acquittals, "the vast majority of those have just circumstantial evidence." He urges that the circuit court's ruling gave credibility to the prosecutor's statement and, thus, prejudiced him. We first note that questioning on *voir dire* is a matter of discretion vested in the circuit court. *See* Ark. R. Crim. P. 32.2(a) (2004). *See also Isom v. State*, 356 Ark. 156, 148 S.W.3d 257 (2004). But, in addition, Henderson never argued his "credibility" or "prejudice" point to the circuit court.

Had he done so, the court might well have understood the basis for Henderson's statement and admonished the *venire* not to view its ruling as a credibility matter. In short, under these facts, we do not view Henderson's silence after the court's ruling as sufficient to preserve the "credibility" and "prejudice" arguments he now mounts in this appeal. Because, again, the circuit court did not have the chance to rule first on the point now raised in this appeal, we refuse to entertain it. *See London v. State, supra. See also Wyles v. State,* 357 Ark. 530, 182 S.W.3d 142 (2004) (defendant's issue on appeal following a sustained objection by the State was not preserved because argument was made for first time on appeal).

Henderson next argues that the circuit court erred in denying his motion in *limine* to prevent the introduction of an alleged prior theft perpetrated by Henderson against the same victim one week earlier. He contends that the alleged prior theft did not provide additional evidence to show that he had independent knowledge of when and where Ms. Price had money. He further asserts that the alleged prior theft does not provide a motive for the instant charges and that the evidence is not relevant to prove a material point. Instead, he urges, the prior event was simply used to show his bad character and that he acted in conformity with the alleged prior theft, all in contravention of Arkansas Rule of Evidence 404(b) (2004). He also claims that the circuit court failed to engage in the proper balancing test regarding the probative versus prejudicial value of the evidence under Arkansas Rule of Evidence 403.

Arkansas Rule of Evidence 404(b) (2004) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith[,]" although it may be admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." This court has held that evidence offered under this rule must be independently relevant, thereby having a tendency to make the existence of any fact that is of consequence to the determination of guilt more or less probable than it would be without the evidence. *See Barnes v. State,* 346 Ark. 91, 55 S.W.3d 271 (2001). Another crime is "independently relevant" if it tends to prove a material point and is not introduced merely to demonstrate that the defendant is a criminal. *See Eliott v. State,* 342 Ark. 237, 27 S.W.3d 432 (2000). This court has further held that the list of exceptions in Rule 404(b) to inadmissibility is not an exclusive

list but, instead, is representative of the types of circumstances under which evidence of other crimes or wrongs or acts would be relevant and admissible. *See Cook v. State*, 345 Ark. 264, 45 S.W.3d 820 (2001). The admission or rejection of evidence under Arkansas Rule of Evidence 404(b) is left to the sound discretion of the circuit court and will not be disturbed on appeal absent a manifest abuse of discretion. *See Burley v. State*, 348 Ark. 422, 73 S.W.3d 600 (2002).

In the instant case, it is clear that the alleged prior theft by Henderson of Ms. Price's money was not only relevant but constituted proof of Henderson's motive, opportunity, and knowledge. As set forth above, Ms. Price testified that seven days before the instant robbery, Henderson had come to her apartment on the pretense of complaining about another resident. After looking back at Henderson, Ms. Price observed him shoving something down into his pants. She called the police, and the missing money bag was found in Henderson's room. She confronted him about the missing money bag, and he told her that he would repay the money.

This evidence reveals that not only did Henderson know Ms. Price routinely kept money in a money bag in her apartment but also that Henderson was aware of the layout of the apartment. In addition, the testimony reveals that Henderson had a potential motive for attacking and strangling Ms. Price in retaliation for her actions in calling the police to report the previous theft. Without question, the evidence is independently relevant. Despite his claims that others in the complex also had this same information, the prior alleged theft demonstrates irrefutably that Henderson had such knowledge.

As to Henderson's allegation that the circuit court also failed to conduct the proper balancing test under Rule 403 regarding the alleged prior theft, his assertion is procedurally barred. Under Rule 403, evidence of prior crimes, wrongs, or acts, even if admissible under Rule 404(b), will not be admitted if the admission of such evidence is substantially outweighed by the danger of unfair prejudice. *See* Ark. R. Evid. 403 (2004). *See also Sera v. State*, 341 Ark. 415, 17 S.W.3d 61 (2000).

In the instant case, the circuit court made the following ruling with respect to Henderson's motion in *limine* to exclude the prior incident:

THE COURT: Well, I think it's admissible. It's not admissible to prove identity but I think it is admissible for those other purposes and if the Defendant wants to — the Court to give a limiting instruction if and when this comes in you call that to my attention and I will but I think clearly it's admissible to prove knowledge, motive, opportunity, so that's my ruling.

Though Henderson's motion in *limine* raised both Rule 404(b) and Rule 403 arguments, the circuit court did not make a specific Rule 403 ruling. It was incumbent upon Henderson to obtain such a ruling. *See Morgan v. State*, 308 Ark. 627, 826 S.W.2d 271 (1992). Accordingly, this issue is not preserved for our review.

A review of the record for reversible error has been done pursuant to Sup. Ct. R. 4-3(h), and none has been found.

Affirmed.