Donald Lee FLANERY *v.* STATE of Arkansas

CR 05-26                                           208 S.W.3d 187

Supreme Court of Arkansas
Opinion delivered May 12, 2005

*Bill W. Bristow,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Clayton K. Hodges,* Ass't Att'y Gen., for appellee.

Aɴɴᴀʙᴇʟʟᴇ Cʟɪɴᴛᴏɴ Iᴍʙᴇʀ, Justice. Appellant Donald Flanery was convicted by a jury of ten counts of rape of a girl who was eleven and twelve years old at the time of the offenses. He challenges the introduction of testimony from his daughter, Amanda Gray, about an alleged instance of abuse that she suffered at the hands of her father. The appellant also claims that his due-process rights were violated by his being charged with and convicted of ten counts of rape. We find no merit in the points raised, and we affirm the judgment of conviction.

The facts underlying the rape convictions are as follows. Mr. Flanery was the minister of the Family of Christ Church in Pocahontas. E.G., the alleged victim of the rape, attended the appellant's church and was friends with his younger sister. In the year 2000, when E.G. was eleven years old, she began spending time at the appellant's house with the appellant's younger sister and Amanda. Over the course of the years when E.G. was at the Flanery house, she received counseling from the appellant and his wife.

In July of 2001, E.G. made allegations that she had been involved in a sexual relationship with Terry Pyle, another member of the church. She made a statement detailing her alleged relationship to the police, and an investigation and prosecution ensued. Eventually, in 2003, E.G. recanted her allegations against Mr. Pyle, and claimed instead that she was abused by the appellant. In her statement, she stated that the appellant had forced her to make the accusations against Mr. Pyle. She also stated that, during the year 2001, she performed oral sex on the appellant ten or more times and that he had sexual intercourse with her ten or more times. She stated that in the year 2002, she performed oral sex on him "probably ten times" and had sexual intercourse with him five times. In light of E.G.'s new statement, the State terminated the prosecution of Mr. Pyle and brought ten charges of rape against the appellant.

Prior to the trial, the appellant learned that the State intended to call his daughter, Amanda, as a witness to testify that ten years ago, when she was fourteen, the appellant put his hands inside her clothing and touched her buttocks and also touched her vaginal area outside her clothing. The appellant filed motions in limine to exclude the testimony under Arkansas Rules of Evidence 404(b) and 403. Specifically, the appellant argued that the testimony did not describe a similar event, that the ten-year time lapse was too great, and that the testimony was too prejudicial. The circuit court denied the motions and allowed the testimony with a limiting instruction at the close of the trial. The appellant was convicted and sentenced to thirty-five years' imprisonment. The appellant now appeals the judgment of conviction. This case was assumed by the Supreme Court for clarification of the law. Ark. Sup. Ct. R. 1-2(b)(5) (2004).

The appellant seeks reversal of his rape convictions and argues that the circuit court erred (1) in admitting the testimony of the appellant's daughter, Amanda Gray, because the testimony was inadmissible pursuant to Rules 404(b) and 403 of the Arkansas Rules of Evidence and (2) in charging him with ten counts of rape.

## I. Ark. R. Evid. 404(b)

The appellant's first argument is that the circuit court erred in admitting the statements of Amanda Gray because the statements were not admissible under Ark. R. Evid. 404(b) (2004). Ark. R. Evid. 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Ark. R. Evid. 404(b) (2004). The admission or rejection of evidence under Rule 404(b) is left to the sound discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. *Hernandez v. State*, 331 Ark. 301, 962 S.W.2d 756 (1998). This court has recognized a "pedophile exception" to the rule, where the court has approved allowing evidence of similar acts with the same or other children when it is helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship. *Berger v. State*, 343 Ark. 413, 36 S.W.3d 286 (2001); *Mosely v. State*, 325 Ark. 469, 929 S.W.2d 693 (1996). The rationale for recognizing this exception is that such evidence helps to prove the depraved sexual instinct of the accused. *Berger v. State, supra; Greenlee v. State*, 318 Ark. 191, 884 S.W.2d 947 (1994).

The appellant's first argument under 404(b) is that the testimony of Amanda should have been excluded because there were not enough similarities between her testimony and the allegations of the victim. The appellant argues that the acts complained of by the victim and those testified to by Amanda Gray are not similar in nature. Specifically, the victim testified that the inappropriate conduct with the appellant progressed from hugging and kissing to inappropriate touching of her breasts, to touching her vagina, and finally to oral sex and sexual intercourse. She further testified that, after the inappropriate contact, the appellant would apologize, and that he had told her that God had given her to him as a second wife. In contrast, Amanda Gray testified that her inappropriate contact with the appellant began with him asking her to lay on his stomach, and he then proceeded to put his hands inside her clothing and rub her buttocks. According to Amanda, the appellant told her this was how he had held her when she was a baby. He then touched her vaginal area outside her clothing. At this point, Amanda began fighting, and the appellant told her he would stop but she was not to tell her mother.

We rejected a strikingly similar argument in *Hernandez v. State, supra*, where the appellant argued the witness's testimony that the appellant touched her "privacy" was not similar enough to the victim's allegations of digital penetration and intercourse. We

disagreed, stating, "To the contrary, the pedophile exception seems especially applicable in view of the evidence that Mr. Hernandez was attracted to the physical characteristics of young girls . . . ." *Hernandez*, 331 Ark. at 308. We further noted the similarities in age of the two girls and the fact that the appellant offered both girls money for sex. Here, though the specific acts complained of are not identical, the victim and the witness were similar in age when the abuse happened. Further, both girls were living in the home of the appellant and looked on him as a father figure at the time of the abuse. In each case, the appellant attempted to rationalize his behavior in some way. Moreover, both girls testified to inappropriate touching of the vaginal area. In light of the similarities in age and presence of the victims in the same household, we hold that the circuit court did not abuse its discretion in allowing Amanda's testimony.

The appellant also argues that the alleged incident described by Amanda Gray is too remote in time from the abuse alleged by E.G. because Amanda's abuse occurred at least seven years before the abuse of E.G. began. This argument is unpersuasive in light of our prior case law allowing testimony even when a significant time gap exists. *See Mosley v. State*, 325 Ark. 429, 929 S.W.2d 693 (1996); *Tull v. State*, 82 Ark. App 159, 119 S.W.3d 523 (2003). In *Mosley*, where the defendant was accused of abusing his nineteen-year-old daughter, the court allowed proof that, eleven years earlier, the defendant pled guilty to the crime of carnal abuse of his six-year-old stepdaughter. Despite the fact that the first incident had occurred over eleven years earlier, the court found that it was relevant to the present case because both cases involved a parental relationship of the defendant with the victims. In this case, although E.G. was not legally related to the appellant, she nonetheless looked on him as a father figure, and thus the *Mosley* case is instructive. Thus, we hold that Amanda's testimony was relevant and not too remote in time from the abuse of E.G.

## II. Ark. R. Evid. 403

The appellant's second argument on appeal is that Amanda's testimony should have been excluded under Ark. R. Evid. 403 because its probative value is substantially outweighed by the danger of unfair prejudice. The standard of review is whether the trial court abused its discretion. *Hernandez v. State, supra.* Here, E.G. was around the age of thirteen when the abuse

happened and Amanda testified she was fourteen at the time of the incident with her father. Both girls were staying in the Flanery home at the time of the abuse. Additionally, while E.G. was not related by blood to the appellant, she testified that she looked on him as a father. Enough similarities exist to make this evidence probative on the issue of the appellant's deviate sexual impulses. Considering the broad discretion of the circuit court in admitting evidence, we cannot say that the court abused its discretion in concluding that the probative nature of the challenged evidence was not substantially outweighed by the danger of unfair prejudice.

### III.  Charge with 10 counts of rape

The appellant's third point on appeal is that the State improperly charged the appellant with ten counts of rape, "with no basis whatsoever put forth for choosing that number." The appellant correctly acknowledges that the State does not have to allege a specific date. Nonetheless, he suggests that the State violated his constitutional rights by not being more specific. First, this argument was not made below, and we have often held that we will not address arguments, even constitutional arguments, raised for the first time on appeal. *Travis v. State*, 328 Ark. 442, 944 S.W.2d 96 (1997). Additionally, even if the argument had been made at trial, the appellant cites no authority on the point. It is well-settled that this court will not consider an argument that presents no citation to authority or convincing argument. *Kelly v. State*, 350 Ark. 238, 85 S.W.3d 893 (2002).

For the above-stated reasons, we affirm.