Phillip HAMM  *v.*  STATE of Arkansas

CA CR 04-1014                              209 S.W.3d 414

Court of Appeals of Arkansas
Opinion delivered June 1, 2005

[Rehearing denied September 28, 2005.]

*Hartsfield, Almand & Denison, PLLC*, by: *Larry J. Hartsfield* and *Rebecca J. Denison*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

DAVID M. GLOVER, Judge. Appellant Phillip Hamm, who worked with the youth in his church, was originally charged with two counts of sexual assault in the second degree involving two different young girls under the age of fourteen. The cases were severed for trial. The felony information with respect to the child in the instant case, M.C., was subsequently amended. The amended information charged appellant with rape, alleging that he

engaged in sexual intercourse or deviate sexual activity with another person who was less than fourteen years of age. He was tried by a jury and found guilty of the offense of rape. Appellant was sentenced to seventeen years in the Arkansas Department of Correction. This appeal followed.

■ Appellant raises seven points of appeal. We are required to address challenges to the sufficiency of the evidence first due to double-jeopardy considerations. *Whisenant v. State*, 85 Ark. App. 111, 146 S.W.3d 359 (2004). In Points III and IV, appellant challenges the sufficiency of the evidence, contending that the trial court erred in denying his motion for directed verdict and arguing, first, that "due to all of the conflicts and weaknesses the evidence was insufficient to support a conviction," and, second, that the State did not prove that the sexual conduct occurred during the time frame alleged in the felony information, *i.e.*, from December 2001 through February 2002. Appellant's challenges to the sufficiency of the evidence were not properly preserved for this court's review because he did not renew his motion at the close of all of the evidence.

■ Our supreme court explained in *King v. State*, 338 Ark. 591, 595, 999 S.W.2d 183, 185 (1999):

> Our procedure rules require that a motion for a directed verdict be brought at the "conclusion of the evidence presented by the prosecution and again at the close of the case ...." Ark. R. Crim. P. 33.1. Close of the case means close of the whole case, in other words, after the last piece of evidence has been received. As we stated in *Rankin supra* "Even if a defendant renews his motion at the close of his case-in-chief, the requirement of the rule to renew the motion at the "close of the case" obligates the defendant to renew the motion again at the close of any rebuttal case that the State may present in order to preserve the sufficiency issue for appeal."

In *King*, the appellant did not move for a directed verdict after the State's rebuttal testimony; thus, there was no motion for a directed at the close of the whole case, and the supreme court held that appellant had thereby failed to preserve the question of sufficiency of the evidence.

■ The same is true here. Appellant renewed his motion for a directed verdict, but he presented surrebuttal evidence and failed to again renew his motion at the close of that evidence.

Consequently, the motion for directed verdict was not made at the close of all of the evidence, and these issues were not preserved for this court's review.

■ Even if this court were to address these issues, they would not provide grounds for reversal because there was substantial evidence to support the verdict. The victim's testimony alone would be sufficient regarding the actual rape. *See Eaton v. State*, 85 Ark. App. 320, 151 S.W.3d 15 (2004) (testimony of rape victim alone may constitute substantial evidence to support a conviction for rape). In addition, the victim testified that she visited appellant's house on a regular basis from July 2001 to January 2002 and that the offenses occurred during those visits. This testimony supports the time frame alleged in the information. *See Martin v. State*, 354 Ark. 289, 119 S.W.3d 504 (2003) (generally, the time a crime is alleged to have occurred is not of critical significance, unless the date is material to the offense, and this is particularly true with regard to sexual crimes against children).

We now turn to Point VI, which requires us to reverse and remand this case for a new trial. For this point of appeal, appellant contends that the trial court abused its discretion in allowing Robbie Sullivan to testify about an incident that she observed at a church "lock-in" when appellant had a young girl, who was not identified as the victim in this case, sitting astraddle of his pelvic area while he was lying down on an air mattress. We conclude this issue has merit.

At trial, the State called Robbie Sullivan, a member of the church attended by appellant and by M.C. Ms. Sullivan testified that she had the opportunity to see appellant in the children's department at the church and to see how he responded and interacted with children. She specifically testified about an incident at a back-to-school "lock-in" that was held at the church in August 2001. She stated that she observed something that made her concerned about appellant's behavior. She explained that during some unstructured time, the kids were pulling out their sleeping bags, and appellant pulled out a full-size air mattress. She said that she

> glanced over, and he had a little girl on the air mattress with him, and I can show you how she was being held. He was lying on the air mattress on his back, and he had the little girl straddling his pelvic area, and at that time I pulled the youth minister aside, and told him it was not appropriate, and I was very concerned.

She further testified that the youth minister separated the girls and boys to watch a video and to settle down. Ms. Sullivan stated that appellant brought his air mattress over, and a little girl named N.C. and one of her friends used the air mattress, and appellant sat in a chair beside them until she, Ms. Sullivan, went to sleep.

■ Appellant objected to Ms. Sullivan's testimony based upon Rule 404(b). The trial court overruled the objection. In his argument to this court, appellant maintains that the trial court abused its discretion in doing so. We agree.

Rule 404(b) of the Arkansas Rules of Evidence provides:

> (b) *Other Crimes, Wrongs, or Acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Evidence offered under this rule must be independently relevant, thereby having a tendency to make the existence of any fact that is of consequence to the determination of guilt more or less probable than it would be without the evidence. *Henderson v. State*, 360 Ark. 356, 201 S.W.3d 401 (2005). Moreover, the exceptions to inadmissibility that are listed in Rule 404(b) are not exclusive but, instead, are representative of the types of circumstances under which evidence of other crimes or wrongs or acts would be relevant and admissible. *Id.*

■ ■ When the charge concerns the sexual abuse of a child, evidence of other crimes, wrongs, or acts, such as sexual abuse of that child or other children, is admissible to show motive, intent, or plan pursuant to Ark. R. Evid. 404(b). *Hathcock v. State*, 357 Ark. 563, 182 S.W.3d 152 (2004). This exception to Rule 404(b) is known as the pedophile exception, which provides:

> When the alleged crime is child abuse or incest, we have approved allowing evidence of similar acts with the same or other children in the same household when it is helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship.

*Parish v. State*, 357 Ark. 260, 268, 163 S.W.3d 843, 847 (2004). Such evidence is admissible to show the familiarity of the parties and

antecedent conduct toward one another and to corroborate the testimony of the victim. *Id.* Further, such evidence helps to show the depraved sexual instinct of the accused. *Id.* The admission or rejection of evidence under Rule 404(b) is left to the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *Id.*

■ Here, Ms. Sullivan's testimony clearly does not fall within the pedophile exception to Rule 404(b). The acts that M.C., the victim in the instant case, reported involved appellant touching her breasts and pubic area and digitally penetrating her vagina during visits to appellant's house. Ms. Sullivan's observations at the church lock-in involved a child, who was not identified as the victim in the instant case, sitting astraddle of appellant's pelvic area while he was lying down at a church function. While Ms. Sullivan was appropriately concerned about appellant's interaction with the child in that regard, we have determined that the observed conduct was not similar enough to that reported by M.C. to be "helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship," and therefore it does not fall within the pedophile exception to Rule 404(b)'s prohibition.

Similarly, we have also determined that Ms. Sullivan's testimony was not relevant to show any of the items listed in Rule 404(b) with respect to the abuse of M.C. The State contends that Ms. Sullivan's testimony bore independent relevance because it demonstrated appellant's intent, plan, and preparation to commit sexual offenses against minor girls; that the State's theory at trial was that appellant would gravitate toward young girls at church, befriend them, and permit them to come to his residence, which was filled with activities appealing to children; and that while the children were in that environment, he would molest them. The State further contends that the challenged testimony of Ms. Sullivan supported the theory that appellant used his association with the children's ministry at his church to find victims.

■ The problem with the State's position is that, while Ms. Sullivan was concerned about appellant's interaction with the child at the lock-in, the conduct itself did not amount to a sexual offense, and in fact could have been entirely innocent. In addition, there was no evidence that the child who sat astraddle of appellant at the lock-in was ever at appellant's residence or that she was ever molested by appellant. Consequently, Ms. Sullivan's testimony amounted to evidence of the very type that Rule 404(b) was

designed to prohibit. That is, it was evidence of another act that was admitted to prove the character of appellant in order to show that he acted in conformity therewith. The testimony did not provide proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident concerning the rape of M.C., the victim in the instant case.

Furthermore, we cannot say that the error in allowing the testimony was without prejudice to appellant. The proof in this case essentially amounted to a swearing match. Ms. Sullivan's testimony, as an objective outsider, might well have swayed the jury. We are therefore forced to reverse and remand on this issue.

In light of our remand for a new trial, it is only necessary to address one of appellant's remaining points of appeal, Point VII, because it is likely to arise upon retrial. Under this point, appellant contends that the trial court abused its discretion when it allowed the State to introduce the transcripts of Ms. Tollece Sutter's interviews with M.C. We find no abuse of the trial court's discretion in admitting these transcripts.

In cross-examining Ms. Sutter, appellant focused on the interview technique and tried to portray Ms. Sutter as "trumping up" the case against him by asking leading and suggestive questions. The State recalled the investigator and moved to introduce the transcripts to put the questions into context (Ark. R. Evid. 106) and as a recorded recollection (Ark. R. Evid. 803). The trial court allowed them to be introduced and published. This was not an abuse of discretion. Rule 106 of the Arkansas Rules of Evidence provides:

> Whenever a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part or any other writing or recorded statement which in fairness ought to be considered contemporaneously with it.

This rule is directed toward preventing a misleading impression that may be created by taking a statement out of context. *Skiver v. State*, 37 Ark. App. 146, 826 S.W.2d 309 (1992). The right to put in the remainder of a statement as part of the opponent's case is subject to the general principles of relevancy. *See id*. *See also* 1 J. Weinstein, *Weinstein's Evidence* § 106[02] (1991). The interview transcripts were

properly admitted to rebut appellant's attempt to show that Ms. Sutter exerted improper influence on M.C. during the interview process and to give proper context.

In addition, in cross-examining M.C., appellant focused on comparing her trial testimony and the interview testimony, referring expressly to portions of the interview and the fact that she did not recount the digital penetration until later, inferring that she added the digital penetration because she was afraid that appellant would be acquitted if she did not expand her allegations. Rule 801(d)(1)(ii) of the Arkansas Rules of Evidence provides:

> (d) *Statements Which Are Not Hearsay.* A statement is not hearsay if:
>
> (1) *Prior Statement By Witness.* The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . (ii) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive, . . . .

Thus, the interview transcripts were also properly admitted as a prior consistent statement of a witness offered to rebut a charge of recent fabrication. We hold that the trial court did not abuse its discretion in admitting the transcripts.

The complexion of the issues raised in the remaining Points I, II, and V, if they arise at all, will very likely change upon retrial. Consequently, any opinion that we offer on these issues would be purely advisory, and we do not issue advisory opinions. *See K.S. v. State*, 343 Ark. 59, 31 S.W.3d 849 (2000).

Reversed and remanded.

ROBBINS and NEAL, JJ., agree.

## SUPPLEMENTAL OPINION ON DENIAL of REHEARING
### SEPTEMBER 28, 2005*

SAM BIRD, Judge, dissenting. I dissent from our denial of the State's petition for rehearing because I think that this court erred in reversing and remanding this rape conviction for a new trial and in holding that evidence was erroneously allowed under the pedophile exception to Ark. R. Evid. 404(b). *See Hamm v. State*, 91 Ark. App. 177, 209 S.W.3d 414 (2005). There was evidence before the trial court that the less-than-fourteen-years-of-age victim became acquainted with Hamm through her church, where he worked in the children's ministry; that appellant and his wife regularly had children from their church come to their house; that the victim became a regular there; that appellant told the victim that he loved her; and that he inappropriately touched her on several occasions, including an incident of inserting his finger into her vagina. The prosecution's theory was that Hamm, in his ministry to the church's children, used his position to gain access to potential victims and ultimately engage in sexual acts with them. The evidence at issue was the testimony of Robbie Sullivan that she had observed Hamm, at a back-to-school church lock-in, lying on his back on an air mattress, with another young girl,[1] not the victim in this case, straddling his pelvic region.

As an initial matter, I do not agree with this court's observation that the conduct in the prior incident "could have been entirely innocent." *See id.* at 184, 209 S.W.3d at 419. There is nothing innocent about an adult male lying on his back and having a young girl straddle him, even when they are clothed, so that their pelvic regions are in contact. While, under Ark. R. Evid. 404(b) this evidence would not have been admissible were its purpose simply to prove Hamm's character, in my opinion, the evidence was properly admitted under the pedophile exception to the rule.

The pedophile exception to Rule 404(b) allows evidence of similar acts with the same or other children when it is helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship.

---

* REPORTER'S NOTE: Petition for rehearing was denied September 28, 2005, by *per curiam* order. Robbins, Griffin, Glover, and Neal, JJ., agree; Bird and Vaught, JJ., dissent.

[1] Although the record does not reflect the age of the other girl, she was described by Sullivan as "a little girl."

*Flanery v. State*, 362 Ark. 311, 208 S.W.3d 187 (2005). The rationale for recognizing this exception is that such evidence helps to prove the depraved sexual instinct of the accused. *Id*. The *Flanery* court rejected the defendant's argument that the trial court should have disallowed testimony by his daughter because the acts complained of by the young rape victim and those testified to by the daughter were not similar in nature:

> [T]hough the specific acts complained of are not identical, the victim and the witness were similar in age when the abuse happened. Further, both girls were living in the home of the appellant and looked on him as a father figure at the time of the abuse. In each case, the appellant attempted to rationalize his behavior in some way. Moreover, both girls testified to inappropriate touching of the vaginal area. In light of the similarities in age and presence of the victims in the same household, we hold that the circuit court did not abuse its discretion in allowing Amanda's testimony.

*Id*. at 314, 208 S.W.3d at 190. *See also Greenlee v. State*, 318 Ark. 191, 884 S.W.2d 947 (1994).

I agree with the State's arguments that the testimony here is relevant to show Hamm's depraved sexual instinct and to make more probable the prosecution's theory that he used his position in the church to gain access to potential victims and ultimately engage in sexual acts with them. Thus, I would hold that the trial court did not err in allowing the testimony, and I would affirm the conviction.

VAUGHT, J., joins.